FREMON, Defendant in Error, v. CITY OF CARONDELET, Plaintiff in Error.

1. A writ of error will be dismissed for the reason that it is left blank as to the names of the parties to the suit.
2. No amendment of such writ can be allowed in the Supreme Court.

*Error to St. Louis Land Court.*

*Casselberry,* for plaintiff in error.
*Reber,* for defendant in error.

SCOTT, Judge, delivered the opinion of the court.

This case stands on a motion to dismiss the the writ of error for the reason that the writ does not show in what cause it issued, and no parties, plaintiffs or defendants, are named therein. The error is apparent, and the plaintiff in error moved to amend the writ.

Amendments are liberally allowed in affirmance of judgments, but this last motion by an amendment would pave the way for a reversal of a judgment. There is no warrant for this at common law, nor by any of our statutes on the subject of amendment. Tidd (p. 1094) says: "Great certainty was formerly required in making the writ of error agree with the record, for, as the writ was the sole authority by which the judges were empowered to act, they could proceed only on that record which the writ or commission authorized them to examine. Nor could any defects therein be amended before the statute of 5 Geo. I. c. 13, because by the former statutes of amendment the judges were only enabled to amend in affirmance of the judgment." In looking into our legisla-

tion on this subject, we find that the statute of Geo. I. was adopted into the code of 1825. (R. C. 1825, p. 130, 131.) In subsequent revisions this act has been omitted, and thus we are left without a statute on the subject. Under these circumstances we do not conceive that we would be warranted in allowing the amendment. We can find no authority for such an act either by the common law or by statute. Writ dismissed; Judge Ryland concurring; Judge Leonard absent.