## W. R. D. PHIPPS *v.* NATHANIEL INGRAHAM.

1. PLEADING : ACTION ON SPECIAL AGREEMENT : SPECIAL AND COMMON COUNTS.—Where the plaintiff declares on a special agreement, and also files the common counts, and on the trial proves a different special contract from that alleged, he cannot recover on the special count because of the variance, nor on the common counts, because a special agreement has been proven.

2. STATUTE OF FRAUDS : LEASE FOR A LONGER TERM THAN ONE YEAR TO BE IN WRITING.—A contract for the lease of lands for a longer period than one year is void by the Statute of Frauds, if not in writing.

ERROR to the Circuit Court of Yazoo county.   Hon. E. G. Henry, judge.

*A. P. Hill* for plaintiff in error.

*Gibbs & Wilkerson* for defendant in error.

HARRIS, J., delivered the opinion of the court.

Defendant in error filed his complaint in the Circuit Court of Yazoo county against plaintiff in error, on an open account, for $100 for the rent of —— acres of land for the year 1858.

The plaintiff in error filed his answer, denying the indebtedness charged in the complaint, and there was a jury, and verdict for defendant in error for $111.58.

A motion was made for a new trial, on the ground that the verdict was contrary to the law and evidence, which motion was overruled by the court. To this ruling of the court plaintiff in error excepted, and tendered his bill of exceptions.

The first question material for us to consider arises on the sufficiency of the testimony appearing in this bill of exceptions to sustain the action.

The defendant in error was introduced as a witness to prove the account sued on. He stated that about the 1st January, 1857, plaintiff in error agreed to rent of him a small tract of land adjoining the residence of plaintiff in error, and for that year to make certain improvements, which he did; and for the year 1858 he agreed to build a certain fence between the land in question and defendant in error. That Wm. Phipps, the son of plaintiff in error, attended to his father's business during the year 1857, and plaintiff in error occupied and cultivated the place that year. Soon after the 1st January, 1858, plaintiff in error still occupying the place, his son William came to defendant in error and stated they would not have time to build the cross-fence which was to have been done for the rent of the year 1858, and desired to know what he would take in money in lieu of the fence. Defendant in error told him that he must have one hundred dollars, which was all that was said on the subject at the time. That William Phipps remained on the land and cultivated it. His father cultivated other land in the neighborhood. That William Phipps, after the year was out, promised to pay the rent, which defendant in error said would be all right. He never did pay it, nor did his father, who said it was William's debt, but offered to pay fifty dollars to settle it, which defendant in error declined. That he never at any time rented the land to William Phipps, Jr., and has no recollection of William ever proposing to rent it for himself. The building of the fence was worth a hundred dollars.

This was all the testimony on the part of the defendant in error.

The complaint declares on an *indebitatus assumpsit* for the rent of land. The evidence shows a *special agreement* to build

17

a certain fence, in consideration of the rent of the land for the year 1858. This variance is fatal to the defendant in error. The rule is well settled, that the proof must agree with and sustain the allegations of the complaint.

In the case of *Drake* v. *Surget*, 36 Miss. 458, it is held that when the plaintiff declares on a special agreement, and also files the common counts, if at the trial he proves a special agreement, but materially different from that laid in his declaration, he cannot recover on any of the counts. He cannot recover on the special counts, because of the variance; nor can he recover on the common counts, because a special agreement has been proven.

It is proper to add, as the point is directly made in the brief of counsel for plaintiff in error, that the contract as proved by the defendant in error is void by the statute of frauds and perjuries. He shows that the contract with plaintiff in error was made about the 1st of January, 1857, and that it was a verbal contract for the lease of land for a longer term than one year.

The motion for a new trial should therefore have been sustained.

Let the judgment be reversed, cause remanded, and a *venire de novo* awarded.