ISRAEL G. HAMMON, Respondent, v. ROBERT DOUGLAS et al., Appellants.

1. *Landlord and tenant — Statute of frauds — Holding over.— Payment of yearly rent* — After the expiration of a written lease, a tenancy from year to year may be created by a verbal permission to hold over and receipt of yearly rent.

*Appeal from Buchanan Circuit Court.*

*Chandler & Sherman,* for appellants, cited James v. Pope, 19 N. Y. 324; Page v. Ellsworth, 44 Barb. 640; Brewer v. Knapp, 1 Pick. 332; Smith v. Niver, 2 Barb. 180; Mathews v. Sawell, 8 Taunt. 270; Grant v. White, 42 Mo. 289; Jackson v. Miller, 7 Cow. 747; Jackson v. Moncrief, 5 Wend. 26; Ellis v. Paige, 1 Pick. 44; Hollis v. Pool, 3 Metc. 351; Kelly v. Waite,

12 Metc. 300 ; Bennock v. Whipple, 12 Me. 346 ; Davis v. Thompson, 13 Me. 214; Wheeler v. Cowan, 25 Me. 283 ; Whitney v. Swett, 2 Foster, N. H., 10 ; Kendall v. Moore, 30 Me. 330 ; see note to Clayton v. Blakely, 2 Smith's Lead Cas.

*Grubb, Thomas & Ramey*, for respondent.

BLISS, Judge, delivered the opinion of the court.

The defendant and his partner were plaintiff's lessees, and the partnership being dissolved, defendant held over, but abandoned the premises in the middle of the second subsequent year, paying rent up to the time of leaving them. The plaintiff sues him for one month's rent after having so left the premises, and upon the assumption that, as a lessee holding over, he became a tenant from year to year. There was evidence tending to show that, while so holding over, negotiations were had for some new improvements upon the premises ; and the plaintiff having recovered judgment, defendant complains of the adverse rulings of the court upon the two following propositions maintained by him.

1. He claims and asked a declaration of law to the effect that when a tenant whose lease has expired is permitted to continue in possession, pending a treaty for a further lease, he is not a tenant from year to year, but at will, etc. This declaration might have been correct, but its refusal was no error, for the reason that there was not sufficient evidence upon which to base it. Defendant requested to have the building enlarged, and offered to pay increased rent, but the plaintiff refused to enlarge or permit it to be enlarged, and there were no other negotiations concerning a further lease.

2. Defendant claims that, under our statute of frauds, a holding over cannot create a tenancy from year to year, but one at will only.

The first section of the English statute (29 Car. I, ch. 3) has been adopted in Missouri as well as in the other States, but the exception in favor of leases not to exceed three years is omitted in this State. So we have simply the provisions without the exceptions, that all leases, etc., made by parol, and not put in

writing, shall have the force and effect of leases at will only. It is difficult to see under this section how any other lease than at will can be created by parol. The language seems to be clear and specific, and to hold that a tenancy from year to year can be created by a verbal permission to hold over under a former lease would seem to create a lease other than at will, which is not reduced to writing. Under the exception in the English statute, which has been adopted along with the first section in most of the States, there is no inconsistency in this view; for, as to all leases for less than three years, the law stands as before its adoption, and a verbal lease from year to year, which can in no case exceed two years, is as valid as though there were no statute of frauds.

In Massachusetts and Maine, where the English exception is omitted as with us, the doctrine of an implied tenancy from year to year is repudiated, and tenants holding by verbal lease are held to be tenants at will only (Ellis v. Paige, 1 Pick. 43; 3 Metc. 551; 12 Metc. 300; 13 Metc. 214); and in Bennock v. Whipple, 12 Me. 346, a tenant holding over was held to be a tenant at will.

In Missouri, however, our court has adopted the English rule, and apparently without having noted the dissimilarity in the statutes. In Kerr v. Clark, 19 Mo. 132, Judge Gamble said that " a parol lease, though by the statute of frauds declared to create a tenancy at will, has the effect of creating a tenancy from year to year, such being the established construction of the statute of 29 Car. II, ch. 3, from which our statute is taken," and refers to Clayton v. Blakely, 8 T. R. 3. Without referring to them specifically, all the subsequent cases that have arisen in this court affirm the above view, and hold that an express verbal lease or an implied one, by permitting a tenant to hold over his term, creates a lease from year to year. I can but think that the court was first misled by the decisions in England and in the United States where verbal leases are still permitted, and if the question was a new one I should feel compelled to take the view urged by counsel for appellant. But our ruling has been so uniform, and for so long a period, that we are concluded by it, so far at least as to hold that there may be a tenancy by implication apparently contrary to the statute.

The following technical reasons have been given to sustain this view. An estate at will could be converted into an estate from year to year by payment of yearly rents. The statute says that verbal leases can create only estates at will. But whenever an estate is created it possesses all its incidents, among which is its convertibility into an estate from year to year; so that when an estate at will is created, another estate may grow out of it indicated by an acceptance of rent; as if yearly rent is accepted, a yearly estate is created; or, if only a monthly rent, then a monthly estate. (Barlow v. Wainwright, 22 Verm. 88; Prindle v. Anderson, 19 Wend. 391.) The acceptance of rent, whether by the year or month, would not be the only indication of the term, but reference should also be had to the use to which the property is put. Thus, to permit a farm tenant to hold over would indicate that he was to hold over for the uses of a farm, which ordinarily requires a year; and it was to protect such tenants that tenancies at will were originally changed to those from year to year.

In deference, then, to the former rulings of this court, and to the only reasons under our statute upon which they can be based, I am of opinion that if, after the expiration of the term in the written lease, the landlord shall receive annual rent from an ordinary tenant, a yearly verbal lease, or one from year to year, may be implied. But if he shall receive a monthly rent, then the implied lease should be held to be from month to month.

This question will hereafter be of less importance with us, inasmuch as an amendment to section 13 of the landlord and tenant act, adopted in 1869, expressly enacts that all verbal leases of town buildings shall be held to be leases from month to month, and also because tenancies at will have always been such leases in effect, as one month's notice is required to terminate them.

The court held that the tenancy of defendant after the expiration of the term in the written lease was from year to year. This was erroneous, for though the implied tenancy might have been of that character, it was not necessarily so. The statute made it a tenancy at will, which, by operation of law and receipt of rent, might, as we have seen, be converted into an implied tenancy, either from year to year or for some other time. But the defend-

ant has not suffered from that opinion of the court, inasmuch as the judgment was only for a single month's rent; and in any event, even as tenant at will, he would be liable for such rent until the termination of the tenancy, under section 13 of the landlord and tenant act.

The other judges concurring, the judgment will be affirmed.