ADELE VEGELY, ADMINISTRATRIX, Respondent, v. JAMES H. ROBINSON, Appellant.

Kansas City Court of Appeals, January 4, 1886.

1. LANDLORD AND TENANT—CONTINUANCE OF LEASE BY PAROL.—Where a store house was leased, by contract in writing for three years, at a rental rate per month, payable monthly; and at the end of the

term, the parties, by parol, continued the term on the same conditions, the tenancy was one from year to year, or from month to month, according to the time of the *payment* of the installments of rent. The same result is practically reached by applying to the transaction the provisions of section 3078, Revised Statutes.

2. —— Continuance by Implication.—Where the continuation of the lease from year to year, or month to month, arises on implication, the lessee, by holding over beyond the day when the term expires by the contract, is presumed to have made his election to continue the lease on the same terms. So that he is bound for the whole month, whether he actually occupies or not. But if the lessee abandons the premises and the abandonment is acquiesced in by the lessor, this operates as a waiver of notice from the lessee.

3. —— Rent Reserved by Periods.—Where, by the contract the rent is reserved payable yearly, half yearly, quarterly, or monthly, the rent accrues at the expiration of these periods only, and not *de die in diem*. In such cases no rent or compensation can generally be recovered for a proportionable part of a less period, except under special circumstances, from which a new agreement to pay rent *pro rata* may be implied and found as a fact by the jury.

Appeal from the Buchanan Circuit Court, Hon. Joseph P. Grubb, Judge.

*Reversed and remanded with directions.*

The case and facts are stated in the opinion of the court.

Allen H. Vories, for the appellant.

I. The petition is for use and occupation, and recovery must be based on the contract of the parties, and the actual occupancy of the premises. *Cohen v. Kyler*, 27 Mo. 122; *Hood v. Mathis*, 21 Mo. 308; *Warner v. Hale*, 65 Ill. 395.

II. The case made by the evidence consists of occupying premises, under a verbal lease, and quitting without giving notice, and it was error in the court to permit any recovery. A party must recover on the case stated in the petition, and not that made by the evidence. *Camp v. Helan*, 43 Mo. 591. There was also evidence of a verbal waiver of notice to quit; but this testimony was rejected.

III. Possession of the house rented, being given on November 1, 1882, defendant had a reasonable time to remove fixtures after his term expired. *Dostal v. McCadden*, 35 Iowa 318; *McCracken v. Hall*, 7 Ind. 30.

IV. The defence pleaded in recoupment was a valid one, and the court erred in rejecting the evidence offered to sustain it. The plaintiff's intestate, impliedly covenanted with defendant, in making the lease, for the quiet enjoyment of the premises. *Maule v. Ashmead*, 20 Pa. St. 482; *Mack v. Patchen*, 42 N. Y. 167; *Berrington v. Casey*, 78 Ill. 317; *Barney v. Keath*, 4 Wend. (N. Y.) 502. The breach of this covenant was specially averred in the answer and denied in the reply, and the burden of proof was on plaintiff. Wood's Landlord and Tenant, ch. 33, sects. 364–367.

V. The time agreed on for leaving, and the actual removal and delivery of the keys, amounted to a surrender of the premises. *Prentiss v. Warner*, 10 Mo. 601; *Kerr v. Clark*, 19 Mo. 132; *Livermore v. Eddy*, 33 Mo. 547; *Mathews v. Tobener*, 39 Mo. 115.

VI. The verbal agreement to continue the former lease, for a similar period, and the continuance of defendant in the premises, with the express contract of plaintiff, amounted, in law, to a renewal of the lease for three years, on the same terms as before. And it terminated without any notice to quit. Wood's Landlord and Tenant, sect. 25, *et seq.*

RAMEY & BROWN, for the respondent.

I. Even under the common law the common counts for use and occupation were supported if there had been a legal tenancy, although the tenant to whom let did not occupy then. Chitty on Pleadings (9 Ed.) 344.

II. Defendant had a right to remove his fixtures during his term, otherwise he is presumed to have abandoned them. *McCracken v. Hall*, 7 Ind. 30.

III. The statute of this state makes the tenancy in this case a tenancy from month to month, from the time of the expiration of the written lease in 1879. Rev.

Stat., sect. 3078; *Hammon v. Douglass*, 50 Mo. 442; *Gunn v. Sinclair*, 52 Mo. 327.

IV. The court properly excluded all evidence on defendant's counter-claim. It does not fairly come within the statute. Sect. 3522, Rev. Stat.; *Edgerton v. Page*, 20 N. Y. 281; *Loundsberry v. Snyder*, 31 N. Y. 514; *Durham v. Presby*, 120 Mass. 284.

PHILIPS, P. J.—This is an action for rent. The facts, as disclosed by the record, are substantially as follows: In October, 1876, plaintiff's intestate let, by contract in writing, to defendant, a certain store house in the city of St. Joseph, for a term of three years, to begin on the first day of November, 1876, and to end on the first day of November, 1879, at a rental at the rate of $166.66 per month, payable monthly. Defendant entered thereunder and occupied the premises during the specified term. At the end thereof the lessor and lessee had a parol understanding by which the term was renewed on the same conditions. Defendant continued to so hold for the succeeding three years, making the monthly payments according to contract, except for the month of October, 1882. In January, 1882, as claimed by defendant, the plaintiff notified him verbally that he would not continue the lease to defendant after the end of that current year, to-wit, November 1, 1882; that accordingly he, defendant, made arrangements to discontinue the occupancy as requested, and began as early as September, 1882, to get his goods out of the house, so that by the first day of November he had removed all his goods therefrom, except as to some fixtures, which he did not entirely remove until the third day of November, when he sent the key to plaintiff. Plaintiff, however, then declined to take the key, but did, however, proceed about the middle of the month to take possession of the house by making certain improvements or repairs, and on the twentieth executed a lease thereon to a third party.

The petition asked judgment for the months of October, November, and December, 1882. The answer ad-

mitted that defendant owed the rent for the month of October, but set up the facts, hereinbefore stated as a defence to the other months claimed, with the further claim of damages for the interference by plaintiff with the full enjoyment of the premises during a certain period of the term by reason of plaintiff occupying the street immediately in front of the premises with building material, etc.

On behalf of plaintiff the court gave the following instructions:

"1. That from and after the expiration of the written lease in evidence, on the thirty-first day of October, 1879, the defendant occupied the premises in question as the tenant of the plaintiff, from month to month, and could only terminate such tenancy at the expiration of a month, and by giving plaintiff notice in writing of his intention to terminate the same thirty days before such termination, and that by holding over said premises until the third day of November, 1882, without giving notice, defendant becomes liable to pay the rent agreed on therefor up to and including the thirty-first day of December, 1882, unless after the abandonment of the premises by the defendant as aforesaid, plaintiff acquiesced in said abandonment, and took possession of said building, in which last named event plaintiff is entitled to recover up to the time he took such possession of said premises."

The court gave no other declarations of law. The jury returned a verdict for plaintiff in the sum of $277.77.

From this judgment the defendant prosecutes this appeal.

I. It being conceded that at the end of the first term, to-wit, November 1, 1879, the parties, by parol, continued the term on the same conditions, the tenancy was from year to year, or from month to month, according to the time of the payment of the installments of rent. *Hammon v. Douglass et al.*, 50 Mo. 434. The same result is practically reached if we apply to the transaction the pro-

vision of section 3078, Revised Statutes, which declares that "all contracts or agreements for the leasing, renting, or occupation of stores, shops, houses, tenements, or other buildings in cities, towns, or villages, not made in writing, and signed by the parties thereto, or their agents, shall be held and taken to be tenancies from month to month, and all such tenancies may be terminated by either party thereto, or his agent, giving to the other party, or his agent, one month's notice, in writing, of his intention to terminate such tenancy."

The case was tried on the theory that the defendant, after the first day of November, 1879, was a tenant at will, and that in order to enable him to terminate his tenancy it was obligatory upon him to give the lessor one month's notice, in writing, of his purpose to quit; and that as he had not given such notice thirty days prior to the first of November, 1882, and having held over two or three days after the first day of the month, he was bound for the month's rent, unless the lessor acquiesced in such abandonment; and even then the lessee was bound to pay the *pro rata* portion of the month up to the time the lessor actually resumed possession.

Under the instruction given by the court, the jury manifestly found for the plaintiff for the month of October, about which there was no controversy, and for twenty days in November. By this verdict the jury found that the plaintiff did during the month, to-wit, on the twentieth, take possession of the premises, and that he acquiesced in the abandonment thereof by the defendant.

I am of opinion that in so declaring the law the court erred. The court applied to the case the rule, that where the continuation of the lease, from year to year, or month to month, arises on implication, the lessee, by holding over beyond the day when the term expires by the contract, is presumed to have made his election to continue the lease upon the same terms, so that he is bound for the whole month, whether he actually occu-

pies or not. But the difficulty in the way of applying this rule to this case, aside from the fact that the plaintiff's intestate—the lessor—warned the defendant, as early as January, 1882, that he would not continue the lease after the first of November, he acquiesced in the abandonment of the premises by the lessee, and resumed possession and control during the month of November.

The acquiescence in the abandonment, and leasing the premises during the month by the lessor, operate as a waiver of the notice from the lessee. 4 Wait's Actions and Defences, 213. I further understand the law to be, that where by the contract the rent is reserved payable yearly, half yearly, quarterly, or monthly, "the rent accrues at the expiration of those periods only, and not *de die in diem.* Therefore, in such cases no rent or compensation can generally be recovered for a proportionable part of a less period, except under special circumstances, from which a new agreement to pay rent *pro rata* may be implied and found as a fact by the jury." Wood on Landlords and Tenants, 958; Taylor on Landlords and Tenants, sect. 528, No such exceptional fact was submitted to the jury for their finding. And if this had been submitted there was no evidence on which a jury could base the implication that the defendant was to pay rent for a less period than one month, *de die in diem.* On the contrary, the fact affirmatively appears, that the lessee treated the term as ended by the first of the month, and was vacating the premises before that day. By entering during the month the plaintiff acquiesced in the abandonment, and by resuming control he made his election to treat the tenancy from month to month, arising from implication, as at an end. He could not, therefore, recover "for a proportionate part."

II. In view of the facts and circumstances disclosed by the record, there is no merit in the claim for damages set up in the answer, and the court did right in disregarding it.

III. It is unnecessary to give attention to other ques-

tions discussed by the counsel, as the conclusion we have reached is decisive of the case.

The judgment of the circuit court is reversed, and the cause is remanded with directions to the court to enter up judgment for plaintiff for $166.66, the amount of rent due for the month of October, 1882, with interest thereon at the rate of six per cent. per annum, from the date of the institution of suit to the day of entering judgment. All concur.