HOOVER, RHODES & Co., Respondents, v. THE PACIFIC OIL COMPANY, Appellant.

Kansas City Court of Appeals, May 12, 1890.

1. **Frauds and Perjuries**: AGENT'S AUTHORITY: CONVERTIBILITY OF ESTATE AT WILL. Though an agent have no authority to make a lease and his attempt to do so may by law result only in an estate at will, yet entry and payment of rent under such lease may convert the estate into an implied tenancy from year to year.

2. ——— : AGENT'S AUTHORITY NOT IN WRITING : LEASE LESS THAN A
YEAR.  An agent's authority to make a written lease for one year
need not be in writing, and his lease creates an estate for that
term.

*On motion for rehearing.*

3. ——— : CONSTRUCTION OF STATUTE : CONVERTIBILITY OF ESTATE AT
WILL.  Sections 2509 and 2513 of the statute of frauds and perjuries
are to be construed together, and so construed do not require an
agent's authority to make a lease for one year to be in writing.
But were it otherwise a lease by such an agent would create an
estate at will, which, in this case, was converted into an estate for
years by entry and payment of rent referring to a year's letting.

*Appeal from the Jackson Circuit Court.*—HON. J. H.
SLOVER, Judge.

AFFIRMED.

Statement of the case by the court.

Plaintiffs brought suit against the defendant for
certain rents then alleged to be due on a written con-
tract of lease, alleged to have been entered into in Feb-
ruary, 1886, for the period of one year.  Plaintiffs
recovered in the circuit court, and defendant appealed.
Defendant, Pacific Oil Company, it seems, was conduct-
ing a business at St. Louis, and engaged one T. N.
Shepard to go to Kansas City and sell its goods.  The
secretary of the oil company, with that view, entered
into verbal negotiations with the plaintiffs at Kansas
City, and agreed verbally to rent from them the ware-
room in which the oil company was to conduct its
business.  After the secretary had returned to St. Louis,
plaintiffs suggested to defendant's agent, Shepard, at
Kansas City, that a written lease be made, and there-
upon it was made, and Shepard signed the name of the
oil company thereto.  The evidence is conflicting as to
whether or not there was a verbal understanding
between the officers of the oil company and Hoover,
Rhodes & Co., that Shepard should enter into the writ-
ten lease.  It is certain, and uncontradicted, however,

that Shepard, the agent, had no authority *in writing* for making said lease. It appears from the evidence that, during the second month's occupancy of the store-room by the oil company, Shepard bought the business of the company, and thereafter for a few months ran business on his own account at the same place. The oil company paid plaintiffs the rent for the period of their occupancy, and plaintiffs collected one month's rent thereafter ( May, 1886 ) from Shepard, fully understanding, too, the changed relations between the oil company and Shepard, but as plaintiffs claim they intended to release the obligations of the oil company, under the lease to pay rent for the whole year. Shepard defaulted in the rents due for June, July, August and September, and plaintiffs seek by this action to hold defendant therefor, basing their claim on the written lease made by Shepard in defendant's name. In its answer the defendant denies, under oath, the execution of said lease, and denies that Shepard had any authority to execute the same in its behalf.

*Lathrop, Smith & Morrow,* for appellant.

(1) The demurrer, offered by defendant at the close of plaintiffs' evidence, and relating to the first count of the petition, should have been sustained. There was no proof of authority given Shepard as agent to execute the alleged lease sued upon. There was no evidence of express authority granted to Shepard by the defendant company to execute the lease ; there was no evidence of any ratification by defendant and no proof of any estoppel against defendant relating to said lease. Express authority must have been given for the special purpose of executing the lease, or the execution by Shepard did not bind defendant. *Howard v. Carpenter*, 11 Md. 259, 281 ; *Alexander v. Rollins*, 84 Mo. 657 ; *Alexander v. Rollins*, 14 Mo. App. 109, and cases cited. (2) Even if there was any color of authority from defendant to

Shepard as agent to execute a lease, still the nature of the employment of Shepard by defendant would have to be looked to, in order to determine whether there was authority in point of fact for this particular purpose. The evidence shows he was simply a salesman of merchandise. So that no warrant could be found here for the execution by him for defendant of a written lease, and the nature and scope of his employment is conclusive against the question of authority. *Gentry v. Ins. Co.*, 15 Mo. App. 215, 222. (3) Even if Shepard were an agent of defendant, still, unless his authority to execute the lease in question was in writing, the execution thereof, by him as such agent, would not be binding. Parol authority for such purpose is expressly prohibited by our statutes. R. S., secs. 2510, 3078. (4) In other states where similar statutes exist, the courts have held, in questions of execution of a written lease by an agent, that the authority must be in writing. *Jennings v. McComb*, 112 Pa. St. 518, 521; *Post v. Morteus*, 2 Robertson's Reports (N. Y.) 437, 439; *Folsom v Perrin*, 2 California, 603, 604; *Porter v. Bleiler*, 17 Barb. 149, 154; *Judd v. Arnold*, 31 Minn. 430, 431. (5) It would have required a vote of the board of directors of defendant company, to have authorized Shepard to execute the lease. The evidence shows there was no such vote. *Gillis v. Bailey*, 17 N. H. 22.

*Warner, Dean & Hagerman,* for respondents.

(1) The authority of an officer or agent of a corporation to make contracts in the course of its business, such as that of renting a building, or securing the services of attorneys or issuing promissory notes, without any formal resolution of the board of directors to that effect, is clearly established by repeated decisions of the supreme court of this state. *Southgate v. Railroad*, 61 Mo. 39; *Bank v. Coal Co.*, 86 Mo. 125; *Kiley v.*

*Forsee*, 47 Mo. 290 ; *Holmes v. Board of Trade*, 81 Mo. 137. It is settled law that, where an agent has authority to make a contract, he can reduce it to writing, so that there may be no mistakes about what the contract is. (2) Did the authority of Shepard to sign the contract have to be in writing? We presume this is the only point seriously relied upon by the counsel on the other side. It is worthy, therefore, of respectful consideration. It is claimed that section 2510, Revised Statutes of Missouri, requires the authority of an agent to be in writing. This section, known as the statute of frauds, was construed at an early date by the supreme court of this state, when it was held to have no application to leases for a year. Such leases can be made by parol, and are not within the statute of frauds. *Kerr v. Clark*, 19 Mo. 139; *Ridgeley v. Stillwell*, 28 Mo. 400. The defendant cannot avail himself, in this action, of the statute of frauds, because that defense has not been pleaded. *Gardiner v. Armstrong*, 31 Mo. 535 ; *Hook v. Turner*, 22 Mo. 333 ; *Sherwood v. Sexton*, 63 Mo. 78. There is no plea of the statute of frauds in this case. The plea, to be good, would have to specify that the agent was not authorized in writing. The answer contains no such allegation. The plea of non-execution cannot be distorted into a plea of the statute of frauds. It was also held that a parol lease for a term of years has the effect of creating a tenancy from year to year. The lease in question was only for one year. It could have been made orally on oral authorization. It follows, therefore, as night the day, that it could be made in writing, upon oral authority. The doctrine is well expressed in Bishop on Contracts, section 1049. Story on Agency, sec. 50 ; 2 Kent's Com. Lect. 41. Even if section 2510 applied to a yearly lease, we insist that section 3078 withdraws all leases of buildings in cities from the operation of section 2510.

*Lathrop, Smith & Morrow*, for appellant.

On motion for rehearing, cited :   Reed, Statute of Frauds, secs. 795-6 ; *Ellis v. Page*, 1 Pick. ( Mass.) 43 ; *Grant v. Ramsey*, Ohio St. 157, 167; Sugden on Vendors, p. 95 ; *Hollis v. Edwards*, 1 Vern. 159 ; *Whitney v. Swett*, 2 Foster ( N. H.) 10 ; *Mc Vey v. Mc Vey*, 51 Mo. 420 ; *State v. Green*, 87 Mo. 587 ; *Withers v. Larrabee*, 48 Me. 570 ; *Robinson v. Deering*, 56 Me. 357 ; *Goodwin v. Allen*, 68 Me. 308; *Orr v. McCurdy*, 34 Mo. App. 418 ; *Tincher v. Phillips*, not reported ; *McKinley v. Railroad*, 40 Mo. App. 449 ; *Commonwealth v. Mottichmed*, 32 Eng. L. & E. 84; *Bogardus v. Church*, 4 Sand. Chan. 633 ; *Riggs v. Wilton*, 13 Ill. 15 ; *Collins v. Wilhoit*, 35 Mo. App. 589 ; *Adams v. Field*, 26 Vt. 256 ; *Winters v. Cherry*, 78 Mo. 344.

*Warner, Dean & Hagerman*, for respondents.

On motion for rehearing, cited : *Kerr v. Clark*, 19 Mo. 139 ; *Ridgeley v. Stillwell*, 20 Mo. 400 ; *Hammon v. Douglas*, 50 Mo. 435 ; *Winters v. Cherry*, 78 Mo. 344 ; *Porter v. Bleiler*, 17 Barb. 156 ; *Mc Whorter v. McMahan*, 10 Paige's Chan. Rep. 386, *et seq.; United States v. Tynen*, 2 Wall. 88 ; *State v. Green*, 87 Mo. 583 ; *Sacramento v. Bird*, 15 Cal. 294 ; *Swan v. Buck*, 40 Miss. 268 ; *Weeks v. Walcott*, 15 Gray, 54 ; *People v. Syttle*, 1 Idaho T. 161 ; *Becor v. Fliss*, 64 N. Y. 518-20 ; *Young v. Duke*, 5 N. Y. 463.

PER CURIAM.—The controlling question for decision here is this :  Can the agent bind his principal by entering into a written lease of real estate, unless the authority therefor be in writing?  The agent, who executed the lease in controversy, not having authority in writing, by the literal terms of section 2509, Revised Statutes, 1879 ( considered alone ), the estate created by the renting was an estate at will only.  The statute

thus making the estate merely one at will leaves it, however, with all the common-law incidents of such estates, among which is its convertibility into an estate from year to year, or from month to month, as may be implied by entry and payment of rent. 4 Kent, 112; *Williams v. Deriar*, 31 Mo. 13; *Hammon v. Douglas*, 50 Mo. 434; *Reeder v. Sayre*, 70 N. Y. 180; Browne on St. of Frauds, sec. 38. This is true, notwithstanding our statute at the time of the foregoing cases had not the exception as to leases for a period of three years, as has the original English statute from which it is taken. This fact disturbed Judge Bliss in *Hammon v. Douglas*, *supra*. But it is said in *Williams v. Deriar*, *supra*, quoting from Browne on Statute of Frauds, 38, that the doctrine of convertibility of estates at will into estates from year to year by entry and payment of rent is older than the statute, and, therefore, the presence or absence of such exception to the statute does not alter the rule. So, therefore, we are of the opinion that, though there was no written authority to the agent making this lease, which, by the terms of section 2509 (considered unaffected by any other section), made an estate at will, only, yet, since there was an entry and payment of rent thereunder, the estate was converted into an implied tenancy from year to year, or for some other time, as may be indicated by the payment of rent. 2 Blackstone, 140, 143; *Shaffer v. Sutton*, 5 Binn. 228; *Ridgeley v. Stillwell*, 25 Mo. 570; *Kerr v. Clark*, 19 Mo. 132; *Ridgeley v. Stillwell*, 28 Mo. 401; *Goodfellow v. Noble*, 25 Mo. 62; *Hammon v. Douglas*, 50 Mo. 437. The foregoing is the status in which we would consider this case placed, was the lease governed by section *2509, alone.*

But, when this section is construed in connection with section 2513, we are of the opinion that the agent's authority to make the written lease in this case need not be in writing, and that the estate he created was the term named in the lease. By the terms of the latter section, "No action shall be brought * * * upon

any contract for the sale of lands, tenements, heredita-
ments, or an interest in or concerning them, or *any
lease thereof, for a longer time than one year*,  *  *  *
unless the agreement upon which the action shall be
brought  *  *  *  shall be in writing and signed by
the party to be charged therewith, or some other person
by him thereto lawfully authorized." By reading and
construing these sections together, as should be done,
since they refer to the same subject-matter, the only
reasonable construction is to say that the clause in sec-
tion 2513, declaring that no action shall be brought upon
any lease of lands, tenements or hereditaments for a
longer period than one year unless it be put in writing,
operates as an exception or proviso—as the statute now
stands—to section 2509. This is made quite evident by
reference to the original English statute of frauds and
those of the different states. Nearly, if not all the
states have adopted literally or substantially the first
section of the English statute, section 2509, of our
statute. And by far the major part of them have also
adopted an exception or proviso to the broad terms of
that section. This exception in the English statute, is
embodied in section 2 as a separate section ; and excepts
all leases not exceeding the term of three years. In
the states, the exception is enacted in various ways.
In some, the proviso is found in the section itself ; in
others it is a separate section ; while, in others, it is
embodied in some other section of the same statute.
And in most of the states the length of the time of the
excepted lease is one year, instead of three, as in Eng-
land. The exception of one year is found in the statute
of New York, and we have the ruling in that state that
a lease for one year or less need not be in writing:
*Reeder v. Sayre*, 70 N. Y. 180; *Porter v. Bleiler*, 17
Barb. 149, 157. In the latter case it is said : " The
authority to Baldwin ( the agent ) was not in writing,
but this objection is not well founded in relation to
leases for a term not exceeding one year." The one

Hoover, Rhodes & Co. v. The Pacific Oil Co.

year provision is enacted also in Mississippi, and is found in the corresponding section 2513 of our statute, and embodied in the same part thereof. It is held in that state that a verbal lease was void under the statute because made for a *longer* term than one *year*. *Phipps v. Ingraham*, 41 Miss. 256. In California, the sixth section of the statute of frauds as there enacted is that "no estate or interest in lands, other than leases for a term *not exceeding one year*, * * * shall hereafter be created or granted * * * unless by deed or conveyance in writing," by the party granting or creating, "or by his lawful agent thereunto authorized by writing." It was held that a lease being made by an agent, not authorized by writing, was void for the reason that it was for more than one year. *Folsom v. Perrin*, 2 California, 603. So, under a similar statute a like ruling was made in Minnesota: *Judd v. Arnold*, 31 Minn. 430.

Now section 2513 of our statute declares that no action shall be brought upon any lease of lands, tenements or hereditaments for a longer time than one year unless such lease be signed by the lessor or some other person by him lawfully authorized. This section in effect declares that, if the lease is for one year or less, it need not be writing, or if made by an agent in writing, such agent's authority need not be in writing. In this view of the case, section 3078 is not applicable, for the reason that the contract of leasing here is in writing. And not being for more than one year, the authority of the agent making it need not be in writing. Judgment affirmed.

### ON MOTION FOR REHEARING.

ELLISON, J.—The contention in this motion is that section 2509 should be construed alone without reference to section 2513. Section 2509 corresponds to sections 1 and 2 of the English statute, and 2513 corresponds to section 4 of that statute, though there is

material change made by each of our sections. Thus, section 2509 omits the exception of three years contained in the English statute, and section 2513 provides that no action shall be brought on any lease of lands or tenements for a longer time than one year. Sections 1 and 2 of the English statute provided that unwritten leases for three years or less were valid. Yet, at the same time, section 4 of that statute provided that no action should be brought upon any contract or sale of lands or tenements or any *interest in or concerning them* unless the contract was in writing. In this condition of the statute, it came about that when a verbal lease was made for three years or less, as permitted by the first section, its validity was questioned under the fourth section, as being an interest in or concerning lands, which must be evidenced by writing. But the courts held that as it could not be supposed that one section was intended to permit the lease, and the other not to permit it, that, therefore, sections 1 and 2 should be construed unconnected with section 4. And this was, of course, the proper disposition of the question as the *statutes then stood*. But if section 2 of the English statute had not made the exception to section 1, and section 4, in addition to the provision as to interests in or concerning lands and tenements, had contained the provision now found in section 2513, as to leases for one year, it could scarcely be doubted that the courts would have construed them together, and held the latter as limiting the former. It is true section 4 of the English statute has been held to refer to future interests ; but we must be careful to observe the change of its phraseology at the period of each particular decision. The decisions were under the original statute, or under such changes as yet made it refer to future interests. Thus the case of *Tillman v. Fuller*, 13 Mich. 113, held the two sections covered different purposes and were not to be construed together. One section was that "no estate or interest in lands, other than

leases for a term not exceeding one year" shall be created except by writing. The other section provided that "every contract for the leasing for a longer period than one year, or for the sale of any lands, or any interest in lands, shall be void unless the contract" be in writing. The court said the first one referred to a lease and the other to a *contract for* a lease. One referred to a present matter, the other to a future interest. But our section 2513 does not refer to a contract for a lease, a future interest, but refers to the *lease itself*. It reads that "no action shall be brought * * * upon * * * any lease thereof (lands and tenements) for a longer time than one year" unless evidenced by writing. It, therefore, appears to me as evident that the legislature has intended by this provision in section 2513 (inserted in Revised Statutes, 1879, as an amendment) to ingraft an exception onto section 2509. So from either of the two points, upon which this case may be said to turn, the judgment of the trial court must be affirmed.

The exception of land leases for one year or less, which we have shown to exist in section 2513, makes it unnecessary that the agent's authority should have been in writing, or that there should have been a writing at all. And if we should concede there is no exception, as contended by defendant, yet the estate created by the lease itself was an estate at will, converted into an estate for years by entry and payment of rent referring to a year's letting. This latter construction does not depend on an exception in the statute. The convertibility of estates at will into an estate for years is older than the statute, and when the courts so convert them, where there has been an entry and payment of rent, they are only obeying the statute; for, when the statute declared that a verbal lease should create an estate at will, it but indirectly said that it should be an estate for years on entry and payment of rent. *Koplitz v. Gustavus*, 48 Wis. 48. The motion is overruled. The other judges concur.