A. B. E. LEHMAN, Plaintiff in Error, v. AUGUST
NOLTING, Defendant in Error.

**Kansas City Court of Appeals, February 19, 1894.**

1. **Landlord and Tenant:** LEASE UNDER SEAL BY AGENT: TENANCY
FROM MONTH TO MONTH. An agent without written authority can not
execute a lease for three years under seal, and such lease will, under
the statute, create an estate at will only and the lessee's entry there-
under and payment of monthly rent will convert such estate at will
into an estate from month to month.

2. ——: ——: ——: GUARANTOR. A lease for three years by
an agent without written authority is not void, and being by entry
and payment of rent converted into an estate from month to month, a
guarantor of the rent will be held for the payment of the rent accord-
ing to the terms of the lease.

*Appeal from the Lafayette Circuit Court.*—HON. RICH-
ARD FIELD, Judge.

REVERSED AND REMANDED.

*J. D. Shewalter* and *C. Vivion* for plaintiff in error.

(1) If the agent's authority is not under seal and
an instrument executed by him under seal is therefore
void as a sealed instrument, yet, if the seal is unneces-
sary, it will be disregarded and the writing held to
be valid as a simple contract, or a contract not under
seal. *Shuetze et al. v. Bailey et al.*, 40 Mo. 69, on
page 75; *Einstein v. Holt*, 52 Mo. 340. The lease in
question is good as an unsealed contract; it need
only be in writing; but the authority of the agent
may be by parol. 1 Pars. Cont. [7 Ed.], 47*. (2) But
if the lease be regarded as void, where the tenant takes
possession, he is a tenant from year to year (and the

guarantee of Nolting, the defendant, is therefore valid as an independent contract—being in writing and signed in person). 1 Wash., 614, s. p. 391; *Kerr v. Clark,* 19 Mo. 132; *Ridgley v. Stillwell,* 28 Mo. 400.

*M. C. James* and *John Welborn* for defendant in error.

(1) Defendant, the guarantor, was not bound and could not be held; because the lease created no primary obligations. *Herman v. Francisco. et al.,* 12 Mo. App. 559. The guarantor had the right to stand upon the very terms of his contract and any act or omission which altered such terms without his consent extinguishes his liability, even though such alteration be for his benefit. It destroys the identity of the contract and it ceases to be the contract to which he became a party. *Warder v. Ryan,* 37 Mo. App. 466; *State v. McGonigle,* 101 Mo. 353; *Grant v. Smith,* 46 N. Y. 93; *Bank v. Dillon,* 30 Vt. 122; *Mayhew v. Boyd,* 5 Md. 102; *Berks County v. Ross,* 3 Biner (Penn.) 520; *Miller v. Stewart,* 9 Wheat. (U. S.) 680; *Farrar v. Kramer,* 5 Mo. App. 167; *Taylor v. Johnson,* 17 Ga. 521. (2) The contract of the defendant was a promise to answer for the debt of Goodfellow and was a collateral promise; then there must be in existence at the time defendant made the contract an original liability upon which the collateral liability is founded. No such liability existed. *Yale v. Eagerton,* 14 Minn. 194; *White v. Salmonsky,* 30 Md. 585; *Boykin v. Dohlonde,* 37 Ala. 577; *Downey v. Hinchman,* 25 Ind. 453. We submit the following authorities: 2 Revised Statutes, 1889, ch. 71, p. 1256; *McWorton v. McMahan,* 10 Paige (N. Y.) 386; *Cook v. Rankin,* 5 Biner (Penn.) 613; Revised Statutes, 1889, sec. 2425; 1 Am. & Eng. Encyclopædia of Law, pp. 435, 436;

*Herman v. Francisco et al.*, 12 Mo. App. 559; *Warder v. Ryan, supra; State v. McGonigle, supra; Banorgu v. Hovey*, 5 Mass. 11; *Blood v. Goodrich*, 9 Wend. N. Y. 68; *Howell County v. Findley*, 101 Mo. 368.

ELLISON, J.—The defendant is sued as guarantor of the payment of rent agreed upon in a lease of real estate for a term of three years. Judgment was given for defendant in the trial court.

The lease was by writing under seal and was executed for the lessor, by an agent. The agent had no written authority. The lease being for a term of more than one year and the agent who executed it not having authority in writing, the estate created was an estate at will only, by force of section 5182, of the statutes of 1889. *Hoover v. Pacific Oil Co.*, 41 Mo. App. 317. By the lessee's entry and payment of monthly rent, this estate at will was converted into an estate from month to month. *Ibid.*

The contract of lease was therefore not void, since it created an estate at will, which, upon entry and payment of rent per month, as therein provided, made a tenancy from month to month. The defendant guarantor will be held to have known the law and therefore held to know the legal nature of his undertaking. He, of course, contracted under the assumption that the lessee would enter the premises and pay rent as provided by the lease. And knowing that such action on the part of the lessee made of him a tenant from month to month, he guaranteed the faithful payment of such rent under such tenancy.

His guaranty was confined to the payment of rent as agreed in the lease. The lease, as just shown, is a valid lease from month to month, the evidence having shown an entry and payment of rent by the month. The guaranty, therefore, is a guaranty of payment of

rent agreed to be paid in a lease creating a tenancy from month to month.

It is, however, claimed that the lease is under seal and could not be a valid lease, unless the agent's authority was also under seal. We can not see the force of this as applied to the paper in controversy. It was not *necessary* to its validity, as above indicated, that it be under seal, and in such case, though in fact under seal, the agent's authority need not be under seal. *Schenetze v. Bailey*, 40 Mo. 69; Mechem on Agency, secs. 95, 141. Disregarding the seal, there was merely a simple contract of lease where no written authority to the agent is essential to its validity. Story on Agency, sec. 50.

From the foregoing, it follows that the judgment should be reversed and the cause remanded. All concur.