BAUGHMAN, *Administrator for* EVANS, V. FULTON,
*Appellant.*

Division Two, June 8, 1897.

1. **New Trials**: DISCRETION OF COURT. Trial courts have large discretion in granting new trials upon the weight of the evidence, and the appellate court will not interfere with the exercise of such discretion unless it is made to appear that it was improvidently done.

2. ———: PRESUMPTION. The presumption is in favor of the verdict so long as it is permitted to stand; but when the verdict is set aside by an order of the trial court, the presumption thereafter is to be indulged in favor of the action of the trial court as being correct.

3. ———: ———: CONFLICT IN EVIDENCE. The Supreme Court will not, where there is a substantial conflict in the evidence, review the action of the trial court in granting a new trial on the ground that the verdict is against the weight of the evidence.

*Appeal from Platte Circuit Court.*—HON. WILLIAM S.
HERNDON, Judge.

AFFIRMED.

*A. D. Burnes* and *James W. Coburn* for appellant.

(1) The evidence does not show that appellant ever received one cent, or any other thing, from Mrs. Milotte, or anyone else for the Wyandotte lot. (2) The consideration in a deed is always open to an explanation; and it was an error to exclude the statement of Darnall, showing that appellant received only $700, and that from Chesnut, and not from Mrs. Milotte. If he received only $700, then he is liable for that amount only. *Cook v. Curtis*, 36 N. W. Rep. 692; *Byrnes v. Rich*, 5 Gray, 518; 2 Devlin on Deeds [1 Ed.], p. 200, sec. 898; *Smith v. Story*, 14 Pick. 128; *Hodges v. Thayer*, 110 Mass. 286; *Brown v. Walcott*,

48 N. W. Rep. 426. (3) If we calculate the interest on this $700 from March 30, 1886, to the day of the verdict, August 12, 1896, and deduct the amount of the mortgaged notes given by Mrs. Milotte at eight per cent compound interest, then the verdict was excessive by $65.62.

*L. T. Collier* for respondent.

(1) The settled law of this State leaves the matter of awarding new trials very largely to the discretion of the trial court and this court will not interfere unless this discretion has been arbitrarily or grossly abused. *Whitsett v. Ransom,* 79 Mo. 260; *Spohn v. Railroad,* 87 Mo. 84; *Garrett v. Greenwell,* 92 Mo. 125; *Price v. Evans,* 49 Mo. 396; *Doering v. Saum,* 56 Mo. 479; *Hewitt v. Steele,* 118 Mo. 463; *Stanard Milling Co. v. Transit Co.,* 122 Mo. 258.

BURGESS, J.—This case was before this court on a previous occasion (*Evans v. Fulton,* 134 Mo. 653) on plaintiff's appeal. The judgment was then reversed and the cause remanded because of error of the court in refusing the first and fifth declarations of law prayed for by plaintiff. On the last trial plaintiff recovered a verdict for $208, which was upon his motion set aside, and a new trial granted. From the order of the court setting aside the verdict and granting plaintiff a new trial defendant appeals.

Since the case was submitted on briefs for decision by the respective parties, the death of the plaintiff Evans has been suggested of record, and the suit revived in March, 1897, by an entry of record in the name of T. M. Baughman, public administrator, who entered his appearance.

There are seven specific grounds assigned in plaintiff's motion for a new trial why the verdict of the

jury should be set aside, and a new trial granted him, among which are the following, to wit: "Because the verdict is contrary to the law and the evidence;" and "because the verdict is against the weight of the evidence." But as the record shows that the motion was "sustained for the reason that the verdict of the jury is against the evidence," the other grounds are immaterial.

The only question for decision is the alleged error in awarding plaintiff a new trial.

Trial courts have large discretion in the matter of granting new trials, especially upon the weight of the evidence, and this court will not interfere with such discretion unless it be made to appear that it was improvidently exercised. The presumption in this case, as in all others, was in favor of the verdict as long as it was permitted to stand, but when it was set aside by order of the court, this presumption was overcome, and the presumption thereafter is to be indulged in favor of the action of the court in setting it aside, and that it was as specified in the order on the record, "against the evidence." This being the case, the burden is upon defendant of showing that the court committed error in granting the new trial upon the ground stated. *Hewitt v. Steele*, 118 Mo. 463; *Candee v. Railroad*, 130 Mo. 142; *Millar v. Madison Car Company*, 130 Mo. 517. But this he has not done. According to defendant's own showing there was much conflict in the evidence with respect to the value of the farm exchanged by plaintiff's intestate, Mrs. Milotte for the house and lot in Wyandotte, Kansas, that being the principal question involved, the measure of damages by reason of the breach of the covenants in the deed for the property conveyed by defendant to her being the value of the farm at the time of the trade.

The court heard the evidence, the witnesses were

before him and if the court was of the opinion (as it evidently was) that the verdict was against the evidence, it was its plain duty to do as it did, set aside the verdict and grant a new trial. *Bank v. Wood*, 124 Mo. 72. In the case of *McDonough v. Nicholson*, 46 Mo. 35, it is said that "it has always been the settled law in this State that an order granting a new trial is a matter mainly resting in the discretion of the judge presiding at the trial." In the case of *McKay v. Underwood*, 47 Mo. 187, it was said that "the granting a new trial, for the reason that the verdict is against the weight of the evidence, rests peculiarly with the judge presiding at the trial." Such is the rule uniformly announced by this court. *Iron Mountain Bank v. Armstrong*, 92 Mo. 265; *Eidemiller v. Kump*, 61 Mo. 342; *Cook v. Railroad*, 56 Mo. 384; *Reid v. Ins. Co.*, 58 Mo. 429.

It is well settled in this State that "the Supreme Court will not, where there is substantial conflict in the evidence, review the action of the trial court in granting a new trial because the verdict is against the weight of the evidence." *Bank v. Wood, supra.*

There is nothing disclosed by the record which would justify a departure from this salutary rule. The judgment is affirmed. GANTT, P. J., and SHERWOOD, J., concur.