FRIESTATT MILLING COMPANY, Appellant, v. J. W. BOGGESS, Respondent.

St. Louis Court of Appeals, May 2, 1899.

1. **New Trial**: PRACTICE, TRIAL: MANDAMUS. In the case at bar the trial court disregarded its plain statutory duty in omitting to give the reasons for which the new trial was granted, and might have been compelled to comply with the law in this respect by mandamus.

2. ———: PRACTICE, APPELLATE. In the case at bar there was a substantial conflict in the testimony and hence the appellate court can not hold that the trial court abused its discretion in awarding a new trial.

*Appeal from the Lawrence Circuit Court.*—HON. J. C. LAMSON, Judge.

AFFIRMED.

WILLIAM B. SKINNER for appellant.

There was but one issue before the jury. Under the stipulation, plaintiff's claim was admitted, and plaintiff was to have a verdict for the amount of its claim, $44, unless the jury should find that the defendant was entitled to the damages asked for in his counterclaim. Instruction numbered 1, asked and given at defendant's request, fully empowered the jury to return one general verdict, and in it the jury were given specific instructions as to the form of their verdict. This stipulation and this particular instruction precludes defendant from complaint on this score. Taylor v. Short, 38 Mo. App. loc. cit. 24; Kamerick v. Castleman, 29 Mo. App. loc. cit. 665; Erdbrueger v. Meier, 14 Mo. App. 259; The Ashendrodel Club v. Findlay, 53 Mo. App. 259. The verdict in this case was for the right party, and on the authority of Herdler v. Buck's Stove and Range Co., 136 Mo. 3, the judgment of the trial court setting aside such verdict should be reversed. The judgment rendered by the trial court on this motion, is erroneous because it is in effect a final one, and no further proceedings, looking to a retrial of the cause can be had until it is set aside. The defendant was by the court dismissed and discharged from the action. Rogers & Peak v. Gosnell, 51 Mo. 466. The trial court had no authority to enter such a judgment. In the motion for a new trial no such relief was asked for, and no facts are disclosed by the record, either on the trial or on the consideration of the motion, which would warrant or support such a finding and judgment. The judgment of the trial court is erroneous, because it adjudges the costs against the plaintiff, and awards execution against plaintiff for the collection of the same. In the matter of granting new trials the costs must abide the event of the suit or be paid by the party to whom such new trial is granted, in no event can the accrued costs be adjudged against the party who had prevailed at the original trial. R. S. 1889, sec. 2242.

Joseph M. McPherson for respondent.

The presumption is in favor of the verdict so long as it is permitted to stand; but when the verdict is set aside by an order of the trial court, the presumption thereafter is to be indulged in favor of the action of the trial court as being correct. Baughman v. Fulton, 139 Mo. 557, and cases cited. And while we think that the failure of the jury to make a finding on defendant's counterclaim would be fatal on a motion in arrest of judgment, that under the well settled authorities in this state this question can not be raised on a motion for a new trial, and respondent contends that the question of the sufficiency of the verdict and the failure of the jury to make a finding on the defendant's counterclaim is not before the court on this appeal, and that the motion for a new trial was not sustained on this ground. The judgment rendered by the trial court, sustaining the defendant's motion for a new trial, is sufficient. The defendant was not dismissed or discharged from further answering the plaintiff's suit. 1 R. S. 1889, sec. 2242. Rogers & Peak v. Gosnell, 51 Mo. 466. * * * It is the province of trial courts, and not appellate courts, to pass upon the weight of evidence in suits at law. It is within the discretion of the trial court to grant a new trial on the ground that the verdict is not sustained by the evidence, and if it exercises its discretion on that ground and grants a new trial, this court will not interfere unless it plainly appears that injustice has been done or its discretion has been unsoundly or arbitrarily exercised. Van Liew v. Barrett & Barrett Beverage Co., 144 Mo. 509, and cases cited. Appellate courts will not, where there is a substantial conflict in the evidence, review the action of the trial court in granting a new trial on the ground that the verdict is against the weight of the evidence. Baughman v. Fulton, 139 Mo. 557, and cases cited.

BOND, J.—Plaintiff sued the defendant for $44, alleged to be due upon a sale of two thousand pounds of flour.

Defendant filed a counterclaim for $50, for alleged breach of contract by plaintiff to give him the exclusive right to sell its flour in Stotts City, Missouri. There was a trial before the justice and an appeal from his judgment to the circuit court, where the plaintiff had judgment and the court sustained a motion for new trial, from which defendant appeals.

The trial court disregarded its plain statutory duty in omitting to give the reasons for which the new trial was granted, and might have been compelled to comply with the law in this respect by mandamus, if timely application had been made for this writ. Passing, however, to a consideration of the correctness of his ruling, it is insisted by counsel for the defendant that it must be sustained on the ground that there was a substantial conflict in the evidence. On this subject the rule is that where, as in this case, one of the grounds of the motion for new trial is that the verdict is against the weight of the evidence, a ruling sustaining it for that reason will not be disturbed if there was a substantial conflict in the testimony. In the case at bar the defendant testified to the matters set up in his counterclaim. It is true that the preponderance of the evidence seems to have been opposed to his testimony, but his testimony created a substantial conflict, and hence we can not hold the trial court abused its discretion in awarding a new trial. Baughman v. Fulton, 139 Mo. 557; Van Liew v. Barrett Beverage Co., 144 Mo. 509; Bank v. Wood, 124 Mo. 72; Hewitt v. Steele, 118 Mo. 463.

Our attention is called to the peculiar wording of the judgment entered upon the award of the new trial which purported to dismiss the writ against defendant. This was erroneous so far as it undertook to do more than grant him a new trial on the merits of the action. Neither should it adjudge the costs of the new trial against the party whose verdict was set aside. R. S. 1889, sec. 2242. With this explanation of the extent of the order granting a new trial in this cause it will be affirmed at the cost of respondent, the error in whose judgment necessitated this appeal. All concur.