Shea v. Seelig.

JOHN J. SHEA et al., Respondents, v. DAVID SEELIG, Appellant.

### Kansas City Court of Appeals, May 6, 1901.

1. **Trial and Appellate Practice:** NEW TRIAL: DISCRETION OF TRIAL COURT. Trial courts have a discretion in granting new trials, and appellate courts will not interfere where there is substantial conflict in the testimony.

2. **Landlord and Tenant:** ADOPTION OF LEASE: AGENT'S AUTHORITY. An agent must be authorized in writing before he can bind his principal in the adoption of a lease extending for longer term than one year.

3. ——: ——: PARTY'S EVIDENCE. Where the defendant testifies that a certain letter claimed to adopt a lease with him was from the plaintiff's agent, he ought to be compelled to abide by his own testimony and not permitted to show by a clerk that said letter was from the plaintiffs themselves and not their agent.

4. **Evidence:** CONTENTS OF LOST LETTER: EXECUTION. Before the contents of a lost paper can be proven there must be proof of the existence of the executed original.

Appeal from Jackson Circuit Court.—*Hon. E. P. Gates,* Judge.

AFFIRMED.

*G. B. Silverman* for appellant.

(1) The only reason given by the lower court for granting a new trial was that the verdict was against the weight of the evidence, and we take it in the light of the record in this case and of our recent Appellate and Supreme Court decisions,

that no other ground can be considered on this appeal. Bed Co. v. Railroad, 148 Mo. 478; Millar v. Car Co., 130 Mo. 517. (2) Hence the sole and exclusive question before this court is, did the lower court arbitrarily and unjustly exercise its right in disturbing the verdict of the jury and was the lower court warranted in ruling that the verdict was against the weight of the evidence? We strenuously contend the lower court erred in this. (3) There is no substantial conflict in the evidence, sufficient to warrant an affirmance in this case. Milling Co. v. Boggess, 80 Mo. App. 296.

*Frank Hagerman, Willard P. Hall* and *Clement A. Lawler* for respondents.

(1) The order granting a new trial will be presumed to be correct. McDonough v. Nicholson, 46 Mo. 35; Cook v. Railroad, 56 Mo. 384; Eidemiller v. Kump, 61 Mo. 342; Porth v. Gilbert, 85 Mo. 125; State v. Cunningham, 100 Mo. 382; State v. Harkins, 100 Mo. 666; Smith v. Johnson, 107 Mo. 494; McCullough v. Ins. Co., 113 Mo. 619; State v. Flynn, 124 Mo. 480; Hoepper v. Hotel Co., 142 Mo. 378. (2) It is for appellant to show that the trial court committed error in granting a motion for a new trial. Bank v. Armstrong, 92 Mo. 265; Guinn v. Boas, 31 Mo. App. 131; Hewitt v. Steele, 118 Mo. 463; Lovell v. Davis, 52 Mo. App. 342; Powell v. Railroad, 59 Mo. App. 335; Ensor v. Smith, 57 Mo. App. 584; Bed Co. v. Railroad, 148 Mo. 478. (3) Where one of the grounds of the motion for a new trial is that the verdict is against the weight of the evidence, a ruling sustaining it for that reason will not be disturbed if there is a substantial conflict in the testimony. Hewitt v. Steele, 118 Mo. 463; Bank v. Wood, 124 Mo. 72; Baughman v. Fulton, 139 Mo. 557; Van Liew v. Beverage Co., 144 Mo. 509; Milling Co. v. Boggess, 80 Mo. App. 296.

ELLISON, J.—One Hammerslough leased the lower floor of his building on Main street in Kansas City, Missouri, for $200 a month, to the defendant for one year by written lease.    There was a provision in the lease whereby defendant, by giving sixty days notice, could keep the premises an additional year at same rent.    There was a mortgage on the building when it was leased and this mortgage was foreclosed and the property bought in by plaintiffs before the expiration of the year for which defendant rented.    Plaintiffs reside in New York and had agents in Kansas City who attended to the business connected with the property in dispute.    These agents duly notified defendant of the change of ownership; and, afterwards, gave him notice to quit the premises which he refused to do, whereupon they brought this action of unlawful detainer before a justice of the peace.    On appeal to the circuit court the verdict was for defendant, but that court set it aside as being against the weight of the evidence.    The defendant thereupon appealed to this court from that order.

The trial courts have a discretion in granting new trials, for the reason that the verdict is against the weight of the evidence, which is not possessed by the appellate courts.    And the latter will not interfere with such action except in cases where such discretion has been abused.    Therefore, wherever there is substantial conflict in the testimony, the appellate court will not disturb the order granting a new trial.    Bank v. Wood, 124 Mo. 72; Baughman v. Fulton, 139 Mo. 557; Van Liew v. Barrett Beverage Co., 144 Mo. 509; Friestatt Milling Co. v. Boggess, 80 Mo. App. 296.    We have gone over the record presented here and find that the trial court was abundantly justified in its ruling.    Its discretion was therefore well exercised.

As the cause is to be retried it is proper to pass on some other questions presented.    One of the main issues of fact at

the trial was whether plaintiffs adopted the Hammerslough lease aforesaid. The testimony of defendant himself was that plaintiffs adopted it through their agents in a letter from them to him, which was lost. The lease being for more than one year, the agents had no authority to adopt it unless they had authority in writing so to do. Lehman v. Nolting, 56 Mo. App. 549; Hoover v. Pacific Oil Co., 41 Mo. App. 317. Therefore, plaintiffs' instruction number seven, embodying this proposition, should have been given by the court. And defendant's instruction number one, omitting to state that the authority of plaintiffs' agents must be in writing, should have been refused.

Defendant made an attempt to show by one of his employees, who was present in the building with him, that plaintiffs, *acting for themselves,* adopted the Hammerslough lease; that he saw the letter in defendant's possession and about which defendant testified, and that it was signed by two or three names, such as "Shea or Shane or some such name as that." Now defendant himself had stated that the letter was from plaintiffs' agents and had gone so far as to read what he took down in his book as a substantial copy of the letter, showing it was from plaintiffs' agents. Taking the testimony of defendant himself and that of his employee, we are of the opinion that it contained nothing tending to show that the letter was the act of plaintiffs themselves. Indeed, we see no reason why defendant is not bound by his testimony on the point. He states the fact in controversy and he produces a copy. If he is not concluded by this, it would be difficult to suggest any mode whereby a party can be compelled to abide by a case he makes for himself.

But in addition to this, there was no proof whatever that the letter was the act of plaintiffs. Nothing was offered to prove their signatures and it was not a part of a correspondence.

Nor was there a pretense that it was in answer in regular course to anything which defendant had addressed to them. It being a lost paper, mere proof of its loss is not sufficient to admit evidence of its contents. It should first be shown that there was such a letter written by plaintiff by proving that it was their signatures attached thereto, or by some other legal mode. "Before a party can prove the contents of a paper he must prove the existence of an executed original." Perry v. Roberts, 17 Mo. 36; Holman v. Bacchus, 24 Mo. App. 629. It would therefore have been proper for the trial court to have given plaintiffs' peremptory instruction.

The judgment will be affirmed. All concur.