## WALKER, Respondent, v. ENGLER, Appellant.

1. Parol evidence is inadmissible to incorporate with a written instrument an oral agreement made contemporaneously with such instrument.
2. Where it is stipulated in a lease that in case any of the covenants are broken by the lessee, "the term shall become null and void at the option of the lessor," the term does not become ended absolutely by a breach of a

Walker v. Engler.

covenant; it is only voidable at the option of the lessor; he must do some act declaring or claiming a forfeiture.

3. So, where it was stipulated that the lessee would pay double rent for all the time the lessor should be kept out of possession after the expiration of the term by forfeiture, *held*, the double rent reserved was not a penalty, but estimated or liquidated damages.

4. Acceptance of rent by a lessor, after the lessee had committed a breach of his covenants, such as would authorize the lessor to declare a forfeiture, would not be a waiver of the forfeiture if the lessor was ignorant of such breach at the time of the acceptance of rent.

*Appeal from St. Louis Land Court.*

The facts sufficiently appear in the opinion of the court.

*Knox & Kellogg*, for appellant.

I. The court erred in striking out a portion of the answer in this case. The first instruction given, on motion of the plaintiff, is erroneous. The lease was forfeited only from the time the lessor declared it forfeited. The stipulation with respect to double rent was a penalty, and not liquidated damages. (Sedg. on Dam. 398, 421.) If Walker knew of the alterations when they were being made, and assented thereto, he should not be permitted to claim a forfeiture. Defendant's instructions should have been given.

*Todd* and *Garesché*, for respondent.

I. The matter stricken out was not a defence. It was properly stricken out. (8 Mo. 161; 17 Mo. 577; 2 Story on Contr. § 669.) To make an acceptance of rent by the lessor a waiver of a forfeiture, the lessor must know of the wrongful act. (Taylor on L. & T. § 497; 2 Platt on Leases, 468, 473.) The court committed no error in giving or refusing instructions. The verdict was only for the double rent from the time of forfeiture to the time of giving up possession. There was no evidence of Walker's assenting to the alterations.

EWING, Judge, delivered the opinion of the court.

This was an action for the possession of certain premises leased by the plaintiff to the defendant in the city of St.

Louis, alleged to be unlawfully detained, and for double rent from the date of the unlawful detention and for damages.

One of the covenants on the lease is that the lessee would not make any alterations in the premises, which the petition alleges was violated, and by reason thereof the term was avoided by the plaintiff and possession demanded. The answer denies that such alterations were made as would entitle the plaintiff to enforce a forfeiture, and alleges that when the lease was made, it was expressly agreed that any such alterations as should not injure said tenement, and which might be again so changed as to return the tenement to the condition it was in when leased, should not be deemed a violation of the covenant against alterations. This part of the answer was, on motion of the plaintiff, stricken out, and, we think, properly. It was an alleged parol agreement, contemporaneous with the execution of the lease, varying its terms, and so qualifying the covenant with regard to alterations as to make it entirely different.

Several points arise upon the instructions given and refused, which will be noticed in their order. The plaintiff maintains that, if the covenant of the lessee respecting alterations was violated, he was entitled to the possession of the premises from that time, and to damages for withholding the possession at the rate of one hundred and fifty dollars per month from the time of making such alterations to the time of the delivery of the possession, and an instruction embracing this proposition was given for the plaintiff. The lease says that in case any of the covenants are broken the term shall become null and void at the option of the lessor or his representatives, and that he may enter into and take full possession of the premises; also that the lessee will pay double rent for all the time the lessor or his representatives are kept out of possession after the expiration of the term, either by limitation or forfeiture. The said double rent to be paid daily. The rent reserved is seventy-five dollars per month, payable the first of each month.

Upon the first point involved in the instruction it is insisted

by the defendant's counsel that the charge of the court is erroneous in saying that the lease was forfeited from the time the alterations were made; whereas no forfeiture could be incurred until the lessor declared it to be forfeited; and upon the second point, that the stipulations in the lease as to double rent is a penalty and not liquidated damages. It is urged for the plaintiff, in opposition to this view, that the rule laid down in this instruction is correct, and that it results from the doctrine of waiver; that by this doctrine the acceptance of rent accrued *after* the alterations were made, with a knowledge thereof, is a waiver of the right of forfeiture, and that unless damages ran from this time the landlord would lose for the interval claimed, and in this way a wrong-doer would profit by his wrongful act.

This position, we think, is not tenable. By the terms of the lease the term is not void by reason of a violation of the covenants *ipso facto*, but is *voidable* only at the option of the lessor. He may or may not insist upon a forfeiture, and until he exercises the option reserved to declare or claim a forfeiture, the term continues. It is by his own act and not that of the lessor that the lease is terminated; and it is of course by his own omission to insist upon a forfeiture immediately upon the violation of the covenant, or as soon as he has knowledge of it, that he is placed in a situation in which he may waive a forfeiture by accepting rent, and yet not be allowed to claim damages or double rent from the time the covenant is broken; or, as in the case before us, from the time the alleged alterations were made. So that as a legal proposition, we think the instruction is erroneous. Nevertheless, we can not see how the defendant could have been injured by it. The rent was paid up to the 1st of March, 1856, from which time to some time in October, 1857, the defendant continued in possession of the property, when it was delivered to the plaintiff. If damages are allowed from the time notice was given and a forfeiture claimed by the plaintiff from the 5th of March, 1856, to the time possession was surrendered, they would amount, for nineteen months, to two thousand eight hundred

and fifty dollars; but if only from 1st April, as claimed in the petition, they would not exceed the sum for which judgment was given.

The second point is not well taken. We are of opinion the double rent reserved is not a penalty as contradistinguished from liquidated damges. The lease stipulates for seventy-five dollars per month, payable monthly, and it is covenanted that the lessee will pay double rent for all the time the said Walker or his representatives are kept out of the possession of the premises after the expiration of the term either by limitation or forfeiture—the double rent to be paid daily. It is difficult if not impracticable to lay down any general principles by which to determine, in all cases, whether the sum mentioned in the instrument is to be considered as a penalty or liquidated damages. Neither an express agreement that it is to be regarded as liquidated damages, nor the fact that the act or acts for the performance or abstaining from which the covenant is given is or is not measurable by any exact pecuniary standard, is always conclusive to show the true character of the sum agreed to be paid. But the nature and terms of the contract in this case relieve it of any difficulty of interpretation, or of the necessity of testing it by any general rule of doubtful applicability. This case is distinguishable from that class of cases where a sum of money in gross is agreed to be paid for the nonperformance of a covenant. Here is a covenant, the alleged violation of which has enabled the lessor to avoid the term and terminate the lease; and after it is avoided, the lessee continues in possession under an express agreement that if he does, he will pay double rent. When the lease was terminated by the forfeiture, the defendant could have avoided the double rent by surrendering the premises, but instead he continues to withhold the possession, and in making his election to retain them insists he shall do so on his own terms. In thus voluntary retaining the property, it is to be presumed that he considered the use of it of greater value to him than the double rent. We think it is clear, from the

Walker v. Engler.

nature and terms of the agreement, that the parties have estimated and liquidated the damages, and that they intended the sum mentioned should be regarded as a compensation and not as a penalty.

The second instruction given for the plaintiff delares the law correctly. The acceptance of rent by the plaintiff accrued before the alterations were made would not be a waiver of his right to a forfeiture, nor would acceptance of rent accrued after the alterations were made unless it be proved that the plaintiff knew of their having been made when he received the rent; acts of the lessor in ignorance of a forfeiture do not operate as a waiver of it, because there is in such case no affirmance of the tenancy, nor a recognition of the relation of landlord and tenant.

The sixth instruction asked by the defendant was not warranted by any evidence in the cause; for when the plaintiff was applied to for permission to make the alterations, it was positively refused. The seventh instruction is substantially, that if, when the plaintiff leased the premises, he knew of the business for which they were to be used, and knew that such alterations as were actually made must be made for such business, and assented to the alterations, that the respondent can not take a forfeiture of the lease. This instruction was not warranted by any evidence, and does away entirely with the express covenant of the lease on the subject of alterations, and was therefore obviously improper.

The defendant offered to prove that when the building was insured he paid the respondent the extra insurance on the building arising from the business to be carried on by him. This evidence was excluded and rightly so; it was a question foreign to the issues to be tried; was a matter not mentioned in the lease, and had been very properly stricken from the answer.

Judgment affirmed; the other judges concurring.