FANNY DEAVER, Respondent, *v.* RUFUS RANDALL ET AL., Appellants.

#### February 19, 1878.

A store was leased, in writing, the lease containing a stipulation that the lessee should pay double rent for every day he held over after the expiration of the term; and the lessee held over. *Held,* that the continued occupation being permitted by the lessor, the terms under which the lessee occupied were fixed by the terms of the lease; the tenancy was not from month to month; the lessor was not entitled to one month's notice of the lessee's intention to quit; and the lessee was bound to pay double rent for every day he held over.

APPEAL from St. Louis Circuit Court.

*Reversed, and judgment.*

H. S. & T. W. LIPSCOMB, for appellants : The lease fixed the time when the term should expire, and neither party was entitled to notice. — *Young* v. *Smith*, 28 Mo. 65 ; *Grant*

v. *White*, 42 Mo. 285 ; *Stephens* v. *Brown*, 56 Mo. 25 ; 52 Mo. 330. After the expiration of the term, the lessee was not a tenant from month to month, but a tenant at sufferance. — 2 Bla. Comm., side p. 150 ; 4 Kent's Comm. 116 ; 1 Washb. 533 ; *Dame* v. *Dame*, 34 N. H. 224 ; *Darrell* v. *Johnson*, 17 Pick. 226 ; *Edwards* v. *Hale*, 9 Allen, 462.

CHARLES T. NOLAND, for appellants : The law will not imply an agreement where there is a valid, binding written contract in force between the parties. — *Christy* v. *Price*, 7 Mo. 430 ; *Stellings* v. *Sappington*, 8 Mo. 118 ; *Chambers* v. *King*, 8 Mo. 517 ; *Brown* v. *Gauss*, 10 Mo. 265. The terms under which the lessee held over were fixed by the lease. He cannot waive the contract and sue in *assumpsit*. — *Weil* v. *Tyler*, 38 Mo. 546.

A. A. CHOUTEAU, for respondent : When a tenant from year to year holds over after the expiration of his lease, he becomes either a *yearly tenant* under the terms of the lease, or he becomes a *tenant at will*. — *Hunt* v. *Bailey*, 39 Mo. 257 ; *Finney* v. *City of St. Louis*, 39 Mo. 187 ; *Quinette* v. *Carpenter*, 35 Mo. 502 ; *Bircher* v. *Parker*, 40 Mo. 119 ; *Grant* v. *White*, 42 Mo. 235 ; *Hammon* v. *Douglas*, 50 Mo. 437

LEWIS, P. J., delivered the opinion of the court.

Plaintiff leased, in writing, a house in the city of St. Louis to defendants, for one year from Jan. 1, 1876, at $1,600 per annum, payable monthly. The lease contains this stipulation : " The said lessees, and all holding under them, hereby engage to pay the rent above reserved, and double rent for every day they, or any one else in their name, shall hold on to the whole or any part of said tenement after the expiration of this lease, or its forfeiture for non-payment of rents," etc. Defendants, having occupied the premises throughout the term, held over until the twenty-ninth day of January then ensuing. Plaintiff, claiming that the defendants became tenants from month to

month after the expiration of the term, and that she was entitled to a month's notice of their intention to quit, sued before a justice of the peace to recover rent for the month of February, at the rate paid during the term. Judgment was rendered against defendants, who appealed to the Circuit Court, where the plaintiff again obtained judgment.

The cause was heard by the court, sitting as a jury. The testimony, as preserved in the record, is free from conflicting statements. It appears that, on January 10, a conversation occurred between the plaintiff's agent and one of the defendants, when the rent for December, the last month of the term, was paid. No agreement was made for any further renting, the lessees positively refusing to engage for any continuance of their tenancy It is stated, in the bill of exceptions, that upon vacating the premises, on January 29, they "paid January rent." Whether this payment was at the single or the double rate nowhere appears in the record. This, with the lease itself, comprehends the substance of all the testimony given.

There was no testimony to authorize a recovery by the plaintiff. The statute relied upon provides that " all contracts or agreements for the leasing, renting, or occupation of stores, shops, houses, etc., * * * not made in writing, signed by the parties thereto, or their agents, shall be held and taken to be tenancies from month to month," etc. Wag. Stat. 879, sec. 13. This cannot be applied to the present case. The continued occupation by the lessees after the expiration of the yearly term was the subject of an express stipulation in the written lease, and was as much a part of the contract as the term itself. It will not be pretended that the lessor could not have enforced this stipulation literally for every day of the holding over There was an explicit declaration of the terms upon which the continued occupancy should exist, if at all. True, the lessor was not bound to permit a continuance. She might elect to eject the occupants. But so long as she per-

mitted the occupancy, the terms thereof were a matter of written contract, binding upon both parties. There was no case upon which the statute could operate. In *Walker* v. *Engler*, 30 Mo. 130, it was held that a stipulation for payment of double rent by the lessee continuing to occupy after the expiration of his term was not a provision for a penalty, but was an express agreement between the parties for estimated damages, or compensation. The lessee might have avoided liability by quitting the premises. But, in electing to remain, he brought himself within the terms of the contract for the payment of double rent.

We cannot perceive that the authorities cited for plaintiff have any application to the case before us. In the two cases of *Hammon* v. *Douglas*, 50 Mo. 437, 442, there was no reference in the lease to a holding over beyond the term. When this expired, the parties were without any thing in writing to show the relations in which they stood. The statute had a literal application. The present case is more nearly parellel with *Insurance and Law Building Company* v. *National Bank of Missouri*, decided by this court in the present term. The lease there secured to the lessee a privilege of renewal at the expiration of the term. It was held that the lessee, having, by its acts, elected to hold the privilege, was bound to a continuing lease, upon terms and stipulations contained in the original, without any necessity for another writing. The first lease was the written contract between the parties, controlling the second or renewal term.

The judgment of the Circuit Court is reversed, and final judgment will be entered here for the defendants. All the judges concur.