Green v. Kroeger.

———

CHARLES GREEN, Appellant, v. BERNARD F. KROEGER *et al.*, Respondents.

67  621|<br>80  238|

St. Louis Court of Appeals, December 8, 1896.

1. **Landlord and Tenant:** LEASE: CONSTRUCTION OF CLAUSE PROVIDING AGAINST HOLDING OVER AFTER EXPIRATION OF TERM. A clause in a lease providing for a redelivery of the premises, and obligating the lessees to pay to the lessor "double rent for all such time as they shall hold over the premises after the expiration of the term," does not deprive the lessor of his option to retake the premises at the expiration of the lease, but if he fails so to do, or to make a new agreement with the lessees, it deprives him of the power to do more than recover double rent for the time he permits the lessees to hold over after the expiration of the lease.

2. ———: ———: CONDITIONAL NOTICE OF INTENTION TO TERMINATE TENANCY. In such case, a notice by defendants of their intention to terminate "such tenancy," at a certain time, which expressly denied any tenancy from month to month, and merely proposed to surrender the premises as such, at the time fixed, should the courts decide, adversely to their contention, that they were such tenants, was not an acknowledgment of tenancy.

3. ———: ———: CLOSURE OF PART OF BUILDING DURING TERM: SURRENDER OF PREMISES. Where, in such case, defendants vacated the premises and left at plaintiff's office the key to the lower part of the building, the communication between which and the upper part had been closed during the term, and plaintiff, after it was vacated, took charge of the renting of the entire building, such closure did not, in point of fact, prevent a complete surrender.

Green v. Kroeger.

*Appeal from the St. Louis City Circuit Court.*—Hon. Jacob Klein, Judge.

Affirmed.

*M. Kinealy* and *Jas. R. Kinealy* for appellant.

The court erred in its charge that, under the clause in the lease requiring defendants to pay double rent for such time as they would hold over, they could terminate the relation of landlord and tenant on any day after the expiration of their lease, by paying double rent up to such day. 1 Wood on Landlord and Tenant [2 Ed.], pp. 37, 125; 1 Taylor on Landlord and Tenant [8 Ed.], 24, sec. 22; 2 R. S. 1889, 1501, sec. 6367; Clark on Contracts, p. 595; 2 Taylor's Landlord and Tenant [8 Ed.], 119, 121, sec. 524; *Drey v. Doyler,* 28 Mo. App. 249; *Haeussler v. Holman, P. B. Co.,* 49 *Id.* 631; *Deaver v. Randall,* 5 *Id.* 297; *Walker v. Eyler,* 30 Mo. 130.

The notice by defendants to plaintiff that they would surrender possession at the end of March, 1895, was a recognition of the existence of the tenancy at the time of the service of the notice, and entitled plaintiff to a judgment in the second suit. *Doe, Scott v. Miller,* 2 Car. & P. 348; *Doe v. Palmer,* 16 East Rep. 52; *Morgan v. Powers,* 31 N. Y. Supp. 954, 956; 2 Taylor on Landlord and Tenant [8 Ed.], 486, sec. 67; 1 Wood on Landlord and Tenant [8 Ed.], 122, sec. 43; Gear on Landlord and Tenant, 689, sec. 191.

There must be a real or symbolical delivery of the possession of the entire building. A delivery of the key of one floor is not a symbolical delivery of possession of an upper floor, to which access is not open from the lower floor. *Herman et al. v. Curiel et al.,* 38 N. Y. Supp. 343.

*Geo. W. Lubke, Jr.*, for respondents.

Respondents did not become appellant's tenants from month to month, and the findings and judgment of the trial court were correct. *Deaver v. Randall*, 5 Mo. App. 297; *Walker v. Eyler*, 30 Mo. 130; *Kerr v. Simmons*, 8 Mo. App. 431; *Same v. Same*, 9 *Id.* 376; *Mitchell v. Blossom*, 24 *Id.* 48.

The most complete answer to all the contentions of appellant is found in the case of *Deaver v. Randall*, cited *supra*.

BOND, J.—Plaintiff leased to defendants a building in this city on the second day of December, 1889, for a term ending December 31, 1894, at a yearly rental of $1,200, payable monthly in advance. The lease contained a clause providing for a redelivery of the building, fire only excepted, in as good order and condition as it could be maintained by reasonable use, and obligating the lessees, their heirs or assigns, "to pay the lessor double rent for all such time as they should hold over the premises after expiration of the letting either by limitation or forfeiture." The lessees by themselves and their subtenants occupied the building during the full term of the lease and until the nineteenth of January, 1895, thereafter, when they vacated it, having first tendered the lessor rent for nineteen days at the rate of $200 per month, which was refused, and leaving at his place of business the key to the lower part of the building, the door leading from the first to the second story of said building having been closed up during its occupancy under the lease. On the third or fourth day of January, 1895, the lessor presented defendants a bill for that rent at the rate specified in the lease, and subsequently on February 1, 1895, demanded rent for that month at the rate mentioned in the lease.

Neither of these bills were paid, wherefore plaintiff began two actions before a justice for their collection. In the first suit the justice gave judgment for plaintiff for the amount tendered and paid to the constable by defendants for their occupancy of the building for nineteen days. In the second suit judgment was rendered for defendants. Plaintiff appealed both cases to the circuit court, where, by agreement, they were tried together without a jury. The court gave judgment in the first action for plaintiff for the amount tendered with costs accruing prior to the tender, and rendered judgment for defendant in the second action. From these judgments plaintiff appealed to this court.

The first point urged for reversal is that the court overlooked the right of plaintiff as lessor to fix the character of the "holding over" by his lessees, by demanding a monthly rent after the expiration of the term. That this may be done where the status of the parties after the termination of the lease is neither fixed by its terms, nor by a new agreement, express or implied, as to their subsequent relations, is well supported by the authorities cited. 1 Wood on Landlord and Tenant [2 Ed], pp. 37, 125; 2 Taylor on Landlord and Tenant [8 Ed.], p. 24, sec. 22. The facts in the case at bar very clearly exempt it from the application of this principle of law. In this case the lease by express terms provides for the rights of the parties in the contingency of a holding over after its expiration. By the clause to that effect it is distinctly provided that the continued occupancy of the premises after the end of the term shall entitle the lessor to recover double rent from the occupiers "for all such time." This clause did not deprive the lessor of his option to retake the premises at the expiration of the lease, but in case of his failure so to do or to make a new agreement with the lessees, it deprived him of the power to do

more than recover double rent for the time he should permit the lessees to hold over after the expiration of the lease. This was announced in a case almost identical as to its material facts with the one at bar. *Deaver v. Randall*, 5 Mo. App. 297. In that case the clause of the lease under review obligated the lessees to pay "double rent for every day they * * * shall hold * * * said tenants after the expiration of this lease." No new agreement was made between the parties after the expiration of the lease in that case. The court held that the above clause entitled the lessees, upon payment of double rent for the time of their "holding over," to surrender the premises; that they were not monthly tenants, nor required to give the statutory notice prescribed for such when occupying buildings in cities. R. S. 1889, sec. 6371. That the clause in the lease in the present case is equivalent in meaning to the one construed in the above cited case, is apparent from an examination of the language of each. As the record in this case does not disclose any agreement, express or implied, between the parties for a new tenancy after the expiration of the lease, their rights must be governed by the rule announced in the former decision of this court. For this reason the first assignment of error made by appellant is overruled.

The second point insisted upon by appellant is that by giving notice of their intention to terminate their "holding over" at the end of March, 1895, defendants acknowledged their tenancy from month to month. This point would be well taken except for the language of the alleged notice. Without setting it out, it is enough to say that it expressly disclaimed and denied any tenancy from month to month on part of the defendants, and merely proposed to make a surrender of the premises as such, at the time fixed, in the event

the court should decide, contrary to their contention, that defendants occupied the status of such tenants. It is plain that a notice so conditioned can not be construed into an acknowledgment of tenancy. Since the condition upon which it was to take effect has not happened, it was at most a mere precautionary measure, probably of no legal efficacy in any event.

Plaintiff also insists that when defendants vacated the premises on the nineteenth of January, 1895, they only left at his office the key to the lower part of the building, the communication of which to the upper part had been closed during the term, and that this was an incomplete surrender. There is no merit in this point. The evidence is clear that plaintiff took charge of the renting of the entire building after it was vacated by the defendants and their subtenants. Whether the closure of communication between the two stories might subject the defendants to an action on their covenants in the lease, need not be decided. It is clear that it did not in point of fact prevent a surrender of the entire building.

The judgment in this case will be affirmed. All concur; Judge ROMBAUER in the result.

ROMBAUER, J. (concurring).—The main contentions of the appellant are twofold. The first is that the provision in the lease in regard to the payment of double rent can not change the general law on that subject which makes it optional with the lessor to fix the character of the holding over by the lessee, and the next is that there was no evidence of a complete surrender of the premises.

In support of the first point the appellant relies on the proposition that the clause in regard to double rent is the mere insertion of the statutory provision on that subject, and hence the contract is necessarily the

same whether the clause is inserted in the lease or not, since the law in force at the date when the contract is entered into necessarily forms part of every contract.

This argument lacks the proper premises. The clause in the contract and the statute are not the same. Section 6367 of the Revised Statutes provides: "If any tenant for life or years * * * shall willfully hold over the same after the termination of such term, and *after demand made and notice in writing given* requiring the possession thereof, by the person entitled thereto, such person *so* holding over, shall pay to the person *so* kept out of possession double the yearly value of the lands and tenements so detained for all the time he shall keep the person entitled out of possession."

The clause in the lease relied on as constituting the contract between the lessor and lessee, makes the obligation to pay double rent absolute, upon a mere holding over, regardless of any demand for possession and notice in writing to that effect, hence there is a very material difference between the statutory right of the parties, and the one fixed by their contract, and this brings the case clearly within the rule stated in *Deaver v. Randall*, 5 Mo. App. 297.

On the second point it is proper to say that there is no substantial evidence in the case that the surrender of the premises made was not complete, assuming that the tenants had a legal right to surrender them. The plaintiff claims that by breaking through the partition he might have invaded the *possible* possession of some subtenant. There is not a tittle of evidence in the case of such a subtenancy, nor that plaintiff at any time considered that he was not put in full possession of the premises, provided the defendants had a legal right to make such surrender. As these points have been forcibly urged upon our attention, and are not disposed of in the

opinion in a satisfactory manner, I desire by this additional statement to show that they have been duly considered by the court in arriving at its conclusion.