EDWARD T. HOSTER, Appellant, v. F. O. LANGE, Respondent.

St. Louis Court of Appeals, May 2, 1899.

1. **Practice, Trial:** INSTRUCTION: EVIDENCE. In the case at bar there is no evidence tending to prove any defense whatever to the appellant's demand, and there is no controversy as to the facts which entitled him to recover. Held, that an instruction should have been given directing the jury to find the issues for appellant.

2. **Agent:** COLLECTION OF RENTS: AUTHORITY. An agent clothed with authority to collect and receipt for rents generally has no authority to accept as payment in full an amount less than the sum due according to the terms of the contract of lease.

*Appeal from the St. Louis City Circuit Court.*—HON. SELDEN P. SPENCER, Judge.

REVERSED AND REMANDED.

F. A. THORNTON for appellant.

Where facts are admitted which establish a *prima facie* right of recovery in the plaintiff, and the defendant relies upon

matters which do not constitute a good defense in point of law, the trial court should direct the jury to return a verdict for the plaintiff. Owens v. Rector, 44 Mo. 389; Benton v. Klein, 44 Mo. 97; Wolf v. Campbell, 110 Mo. 114; Mitchell v. Bradstreet, 116 Mo. 226, loc. cit. 247; Frankenthal v. Goldstein, 44 Mo. App. 189; Mineral Land Co. v. Ross, 135 Mo. 101, loc. cit. 107. Where it is specially provided in the lease that the lessee shall pay double the usual rent for every day he holds over after the termination of the lease, it is no defense to an action to collect such double rent, that he was permitted to remain upon the premises during negotiations for a new lease. The terms for his holding over are fixed in the lease, and if he elects to remain he does so subject to them. Deaver v. Randall, 5 Mo. App. 297; Green v. Kroeger, 67 Mo. App. 621; Kerr v. Simmons, 8 Mo. App. 431; Kerr v. Simmons, 9 Mo. App. 376; Walker v. Engler, 30 Mo. 130. The receipt and retention of the check for $50 by appellant's agents, the Noonan Real Estate Company, as full payment at the single rent rate for the time the respondent occupied the premises after the termination of his lease would not afford a valid defense even if it had not conclusively appeared from the evidence that it was never accepted by the real estate company. 1 Woodfall on Landlord and Tenant, p. 355; 2 Taylor on Landlord and Tenant, sec. 485; Doe v. Calvert, 2 Campbell, 387; Fitzpatrick v. Childs, 2 Brews. 365. The instruction requiring the jury to find for the defendant if they believed that the $50 check was received and retained by the plaintiff, in full payment for the time during which the respondent held over, was erroneous for various reasons. In the first place it does not distinguish between the receipt and retention of the check by the appellant and the receipt and retention by the real estate company, the agent of appellant, and consequently was calculated to mislead the jury. Fire Clay Works v. Ellison, 30 Mo. App. 67; Clamp v. Rodwalt, 19 Mo. 449; Cole v. Long, 1 Mo. App. 215.

L. FRANK OTTOFY for respondent.

The defendant continued in possession with the express consent of the owner and he can not therefore claim double rent. The evidence clearly shows that the treaty for a lease was begun before the termination of the tenancy, and the landlord should therefore not be permitted to reap an unfair advantage, the fruitage of his own fraudulent acts or that of his authorized agent. Grant v. White, 42 Mo. 285, 290; Ish v. Chilton, 26 Mo. 256, 259, 260; Doe ex dem. v. Stennett, 2 Esp. 718; Fitzpatrick v. Childs, 2 Brews. 367. A tenant who holds over pending a treaty for a renewal of the lease, is a tenant at will, and if the renewal is not effected may be ejected without demand or notice. Hence he should not be held for double rent. 1 Wood's Landl. and Ten. [2 Ed.], p. 48; Simkin v. Ashurst, 1 C. M. R. 260; Doe ex dem. Hollingsworth v. Stennett, 2 Esp. 716, 717. The check was sent plaintiff in "full payment of rent up to and including June 8, 1897," and was accepted as such. By retaining the same he waived a payment in cash and therefore the instruction for defendant on that point was proper. Johnson-Brinkman Co. v. Bank, 116 Mo. 558, 570; 18 Am. and Eng. Ency. of Law, p. 167, sec. 6, and following; Rice v. Dudley, 34 Mo. App. 386, 387, 389; Adams v. Helm, 55 Mo. 468, 471. And the question whether it was received as payment is for the jury. 18 Am. and Eng. Ency of Law, p. 169, col. 2, and case there cited; Steamboat Charlotte v. Hammond, 9 Mo. 41. He should have returned the check within a reasonable time. Fitzpatrick v. Childs, 2 Brews. 368. The court can not direct a verdict for the defendant where there is any controverted issue involving as is the case at bar. Benton v. Klein, 42 Mo. 97, 100; Wolff v. Campbell, 110 Mo. 114.

BLAND, P. J.—On May 20, 1892, appellant leased to respondent a three-story brick building, known as number 221,

South Fourteenth street, in the city of St. Louis, for a period of five years, beginning on May 25, 1892, at a rental of $100 per month, payable monthly in advance. This lease contained the following clause: "If the said party of the second part, or any person claiming under him, shall retain the possession of said premises, or any part of them, after the termination of this lease, the said party of the first part shall be entitled to claim and receive double the rent usually paid for said premises for every day the same or any part of it is retained." The respondent held over for one-half of one month after the expiration of his term, and this suit was begun before a justice of the peace for the recovery of double rent for the half of month the premises were held beyond the termination of the lease. The cause was taken to the circuit court by appeal, where on a trial *de novo* a verdict and judgment was given for defendant, and plaintiff appealed.

The evidence tends to show that prior and after the expiration of the lease some talk was had between respondent and the plaintiff and the plaintiff's agent (The Noonan Real Estate Company), about a renewal of the lease, and that respondent made a proposition to renew the lease at a reduced rental, but his proposition was not accepted, and the lease was not renewed. On June 6, 1897, defendant drew his personal check on the International Bank of St. Louis for $50, payable to the order of Robert M. Noonan, agent, and transmitted it to Mr. Noonan as payment for one-half month's rent. The check came into the possession of Charles J. Moser, secretary of the realty company, who testified that on the day of its reception or the day following, respondent called at the office of the real estate company and the check was tendered back to him, with the information that it would not be accepted, and that appellant expected him to pay double rent for the time he should hold over, but that respondent refused to take back the check. The check was never paid nor presented for payment. It never

STATEMENT.

was accepted by appellant, nor is there a word of testimony in the record indicating that Noonan or the Noonan Real Estate Company was authorized by appellant to accept the check as full payment. The only authority conferred on either Noonan or the Noonan Realty Company by the appellant was to collect and receipt for the rents as they became due. At the close of all the evidence appellant moved the court to instruct the jury to find the issues for appellant. This the court refused to do. This instruction should have been given under all the evidence, for there is no evidence in the record tending to prove any defense whatever to the appellant's demand, and there is no controversy as to the facts which entitled him to recover. The lease expressly provides that in the event the premises should be held beyond the expiration of the term by respondent he would pay double rent for the time he so held over. He admits that he held over for one-half of one month. During the period he held over he was not holding unlawfully, but at will, and under an express contract to pay double rent. Ish v. Chilton, 26 Mo. 256; Grant v. White, 42 Mo. 285; and the fact that he was permitted to hold over, and that while so holding over negotiations were pending looking to a renewal of the lease, affords him no defense against his contract to pay double rent; his election to remain and take his chances for a renewal of the lease, was his own free act, not induced or brought about by any wrongful act of the appellant. Denver v. Randall, 5 Mo. App. 297; Green v. Kroeger, 67 Mo. App. 621; Walker v. Engler, 30 Mo. 130. An agent clothed with authority to collect and receipt for rents generally has no authority to accept as payment in full an amount less than the sum due according to the terms of the contract of lease. If, therefore, the check for $50 was accepted by Noonan as payment of the half month's rent, the acceptance was unauthorized, and the appellant is not bound by it. 1 Woodfall on Landlord and Tenant, p. 356; Wheeler v. Givan, 65

Mo. 89; State v. Bank, 45 Mo. 528; Hope v. Saylor, 53 Mo. App. 4. It was on the hypothesis that the $50 check had been accepted by the Noonan Real Estate Company as and for payment in full of the half month's rent that respondent was enabled to defeat a recovery of the actual amount due. This was error, for which the judgment is reversed and the cause remanded. All concur.