STERLING, Appellant, v. HEIMAN, Respondent.

St. Louis Court of Appeals, October 18, 1904.

1. **LANDLORD AND TENANT: Occupation.** The word "occupation" as used in section 4110 of the Revised Statutes of 1899, does not mean a mere possession of the premises by any one who happens to be in them, but means an occupation pursuant to an agreement between the owner and the occupier, sufficient to create the relation of landlord and tenant. Without such agreement, there is no tenancy from month to month as provided in the said statute.

2. ———: ———: **Holding Over.** When a tenant holds over leased premises after the expiration of his term, with the consent of his landlord, or when a tenant retains the leasehold after the expiration of his lease, pursuant to a new verbal letting, if it is a city leasehold, it will be a tenancy from month to month, which can only be terminated by a thirty days' written notice.

3. ———: ———: ———: **License.** But if an agreement is made either before or after the expiration of the term of the written lease between the landlord and tenant, which contemplates the temporary use of such premises, by the tenant, subsequent to such a term, not as a tenant but as a mere licensee, it is not by the statute turned into a month to month tenancy.

4. ——: ——: ——: ——. Where a day or two before the end of the term, the tenant of a city leasehold requested and obtained of the agent of his landlord permission to leave in the building for a few days, some boxes of goods, which he could not move out until after the expiration of the term, and stated, that he would clean the rooms and fix them in good condition, this was not such an agreement as to create a new tenancy, and the tenant holding over was a mere licensee.

5. ——: ——: ——: ——. The fact that such agent of the landlord had no authority to grant a license, but only to lease, did not transform a license which he undertook to give, into a contract for a monthly letting.

Appeal from St. Louis City Circuit Court.—*Hon. W. B. Douglas,* Judge.

AFFIRMED.

*Irvin V. Barth* for appellant.

(1) An oral understanding between a landlord's agent and his tenant by which the tenant is to continue after the expiration of their written lease to store his goods on the city premises and to retain the keys thereto for a certain or uncertain period of time, though without a stipulated rent reserved, operates as a parol lease of such premises for a month at least and is not a license merely. It is a lease because it is an "agreement" for the "occupation" of a city building and constitutes a tenancy from month to month within the meaning of the section 4110, Revised Statutes 1899. Smith v. Smith Bros., 62 Mo. App. 596; Berner v. Gebhart, 87 Mo. App. 409; Koken Iron Works v. Kinealy, 86 Mo. App. 199. (2) That "agreement" is to be construed liberally and does not necessarily imply a consideration, see 1 Abbott's Law Dictionary, p. 48; Sage v. Wilcox, 6 Conn. 85; Anson, Contracts (Huffcut), pp. 2-6; Sutherland, Statutory Construction (1891), sec. 252, p. 329, and see especially its construction under statute of frauds; Ivory v. Murphy, 36 Mo.

534; Rucker v. Harrington, 52 Mo. App. 489, ruling contrary to earlier cases cited in Browne, Statute of Frauds (5 Ed.), section 387, p. 521. (3) That "occupation" is construed to be as broad as "possession," see Pacific Express Co. v. Tyler O. F. Co., 72 Mo. App. 154. Evans v. Foster, 79 Tex. 51; Lacy v. Green, 84 Pa. St. 520; Lawrence v. Fulton, 19 Cal. 691; Smith v. Sanger, 3 Barb. 366; Anderson's Law Dict., p. 725; 21 Am. and Eng. Ency. of Law (2 Ed.), p. 767. (4) It is a lease apart from the provisions of this section of the statutes, because whenever the agreement between the parties is intended to continue the tenant in his occupation of the premises or to confer possession upon him it will operate as such. 1 Taylor, Landlord and Ten. (9 Ed.), sec. 31, p. 48; 1 MacAdam, Landlord and Ten. (3 Ed.), secs. 42-3, pp. 111-3; 18 Am. and Eng. Ency. Law, p. 170; Edmunds v. Light & Power Co., 76 Mo. App. 618; Boone v. Stover, 66 Mo. 434. And it is not essential that rent be reserved. Wilkinson v. Wilkinson, 62 Mo. App. 249; 1 Taylor, Landlord and Tenant (9 Ed.), sec. 14, p. 11. (5) It is a lease, because a real estate agent who is authorized to lease for his principal has no authority in law to grant a license, and the law assumes in the absence of evidence to the contrary that he acted within the scope of his legitimate authority. 1 Wood, Landlord and Tenant (6 Ed.), section 223, p. 476; Rapalje, Real Estate Brokers, ch. 2, sec. 12, p. 23; Hubbard v. Elmer, 7 Wend. 446; Mechem, Agency, secs. 312-313 and 317. (6) And, finally, a real estate agent has no authority in law to lease the landlord's premises or to create a tenancy from month to month free of rent and without benefits moving to his principal. Mechem, Agency, secs. 326 and 317; 23 Am. and Eng. Ency. of Law (2 Ed.), p. 902. The law will imply, therefore, a letting of the premises on the same terms as contained in the original lease. Lewis v. Perry, 149 Mo. 257, 50 S. W. 821.

*Edwin W. Lee* for respondent.

(1)   Section 4110, Revised Statutes 1899, has no
application whatever to the case at bar, for under the
evidence there was no contract or agreement for the
leasing, renting or occupation of the premises. The
facts do not fall within the provision of the statute.
The oral understanding between the landlord's agent
and this respondent was not a lease, but a license.
Union Depot Co. v. Railroad, 13 Mo. 213; Boone v.
Stover, 66 Mo. 434; Desloge v. Pearce & Willoughby,
38 Mo. 588; Lunsford v. La Motte Lead Co., 54 Mo.
426.   (2)   It is not a lease because it is not an agree-
ment for the "occupation" of a city building. The
word occupier in its strict sense means one who is
qualified to maintain an action of trespass.   Sheppard
v. Bradford, 16 C. B. N. S. 378; Rex v. Sutton, 3 Ad.
& El. 597; State v. Abbott, 42 N. J. Law 113.   (3)
The storing of property on premises is not an occupancy
of the same.  Stockwell v. Brewer, 59 Me. 289; Campbell
v. Machias, 33 Me. 419; Monroe v. Greenhoe, 54 Mich.
11; Drake v. Ogden, 128 Ill. 613.   (4)   A parol li-
cense, or mere verbal privilege, carries no interest in
land, and is a mere authority or privilege to do some
particular acts upon the land of another.   Fisher v.
Dean, 26 Mo. 116; Cook v. Stearns, 11 Mass. 533.

GOODE, J.—Action before a justice of the peace,
under the landlord and tenant act, to recover $150 rent
alleged to be due for the month from August 10 to Sep-
tember 10, 1902, for the lower floor and the basement
of the building on Lucas avenue, St. Louis, known as
numbers 701 and 703.   Appellant, besides asking judg-
ment for the rent, prayed for the restitution of the
premises.   The case was appealed from the magis-
trate's court to the circuit court and from thence to
this court.
William Baggott and his son Amos, who are real

estate agents in St. Louis, had the leasing of the premises for Sterling, the owner. Those agents executed a written lease to Heiman, the respondent, for a six months term to end August 9, 1902, at $150 per month. A day or two before the end of the term, Heimann told William Baggott he was going out on the tenth of August, but said it would be a great accommodation to him if he was allowed to leave for a few days some boxes of goods which he could not move out on August 9, and that he would clean the rooms and fix them in good condition. Baggott told him this would be all right and he could leave the boxes for a few days. When this conversation occurred Heiman had already moved part of his goods. About the sixteenth or seventeenth of August the Baggotts noticed the boxes were still in there and called Heiman's attention to the fact and also to a broken glass that Heiman ought to put in. About that time, or shortly after, the agents made demand of Heiman for a month's rent, because he had not moved out a few days after the written lease expired, according to the understanding, but had occupied the premises overtime. While their testimony is not very certain on the point, the conclusion may be drawn that they told Heiman two or three times to vacate. He refused to pay the month's rent and this action was brought for it. On the day the suit was filed, but whether before or after its filing is in dispute, Heiman sent the keys to the agents. The above statement is according to the testimony for the appellant given by the two Baggotts.

Respondent's evidence goes to show that he had sold some goods to a merchant in Arizona, who intended to ship them in a freight car loaded with other goods purchased elsewhere, but could not get the car for a few days; and for his benefit permission was asked for those goods to remain in the boxes in the storeroom until they could be shipped; the reason for the request being stated to William Baggott, who readily

assented. It was in evidence, too, that the key to the front door was kept by Heiman meanwhile, but the back door key surrendered to the agents; and that new tenants, a firm styled Rubenstein & Isaacs, to whom the Baggotts had leased the vacant premises, moved in four wagon loads of boxes and stored them on the lower floor about August 14. Respondent denied that demand was made of him either to vacate or pay rent before August 22, and swore that prior to the demand he had sent the key he had to the Baggotts.

The propositions urged by appellant's counsel are; first, that on the facts as stated by appellant's witnesses; namely, that Heiman was given permission to keep boxes in the premises a few days after the expiration of the lease, but continued in possession until suit was brought, a new month to month tenancy was created which could only be terminated by Heiman's giving thirty days' notice in writing of his intention to terminate it; and that as he gave no such notice he remained a tenant during the month from August 10 to September 10 and was bound to pay rent; second, that on the testimony for the respondent that the latter's boxes were to stay in the premises for an uncertain period, that is, until the car was ready to receive them, a new tenancy from month to month was created which could only be terminated by thirty days' written notice; third, that leaving the boxes in the building after the lapse of a reasonable time subsequent to the expiration of the written lease, and the retention of the keys by the respondent until he was sued, constituted an occupancy or possession of the premises and was sufficient to create a new lease from month to month. Appellant's position is, therefore, that whichever version of the facts was the true one, a new tenancy arose. On the contrary the respondent's counsel insists that whichever was true, there was no new tenancy, but a mere license to his client to make a brief and trifling use of the room. Instructions were

asked by appellant's counsel in accordance with his theories and refused, the respondent asking no instructions; and we have to consider whether the court should have granted those prayed by the appellant.

In support of the position that a new tenancy from month to month was created by the respondent's conduct that could be ended only by thirty days' notice in writing, the section of the Landlord and Tenant chapter of the statutes is invoked which provides that every contract or agreement for the leasing, renting, and occupation of buildings in cities, towns or villages, not made in writing, shall be taken as a tenancy from month to month and can only be terminated by either party by a month's written notice. Revised Statutes 1899, sec. 4110. No doubt if a contract or agreement had been made between Sterling, or his agents, and Heiman, for the leasing or occupation of the premises, the statutes would have taken effect on it and, as it was verbal, would have converted it into a tenancy from month to month. If there was such an agreement it was verbal; for the written lease had expired and no claim is put forward that it was renewed in writing. But what evidence was produced that a verbal agreement for the leasing or occupation of the premises was made subsequent to the expiration of the written lease? None whatever. The word "occupation" as used in the statutes, does not mean a mere possession of the premises by any one who happens to be in them or get in them; but means an occupation pursuant to an agreement between the owner and the occupier, sufficient to create the relation of landlord and tenant. Hood v. Mathis, 21 Mo. 308; Cohen v. Kyler, 27 Mo. 122. The agreement made between the Baggotts and Heiman, whatever version we accept, contemplated and provided, not for a verbal leasing of the premises to Heiman or his occupation as Sterling's tenant, but merely for his temporary use of a part of the room for the storage of some boxes of goods, without charge or other recom-

pense than that he should turn the premises over clean and in good condition. No one will gainsay that when a tenant holds over leased premises after the expiration of his term, with the consent of his landlord, his retention of the property under those circumstances, if it is a city building, constitutes a tenancy from month to month according to the terms of the prior lease, unless there is a new agreement between him and his landlord for his retention of the premises on different terms; either as a tenant, or in some other capacity. Hammon v. Douglas, 50 Mo. 434; Lewis v. Perry, 149 Mo. 257, 267, 50 S. W. 821. And if a tenant retains the leasehold after the expiration of his lease, pursuant to a new verbal letting, this will be a tenancy from month to month if it is a city leasehold. Smith v. Smith, 62 Mo. App. 596. The effect of the decisions is the enforcement of the statutes, and goes this far and no further: that an oral contract for the leasing and occupation of a city building, whether such contract be actually made or be implied from the tenant's holding over after an original written contract is at an end (that is to say, in any case where the lease is not in writing), creates a tenancy from month to month, which can be terminated only by thirty days' written notice. The courts do not hold, and have no statutory warrant for holding, that if an agreement is made, either before or after the expiration of the term of a written lease, which contemplates the temporary use of premises by a tenant subsequent to such term, not as a tenant according to the terms of his previous lease, nor as a tenant at all, but as a mere licensee, the statutes nevertheless take effect on such agreement and convert it into a month to month tenancy. In other words, every temporary use of a tenement with the consent of its owner, either by a person who has formerly been in possession as tenant, or by any one else, is not operated on by the statutes and turned into a month to month tenancy. If the statutes had that effect they

would deprive owners of city property of no little of the dominion appurtenant to ownership; for it is as necessary to complete dominion over land that the owner shall have the right to grant licenses and permissions regarding its use as that he shall have the right to lease it. Precedents exist in this State in which the courts held that parties who had been tenants and afterwards continued in occupation of the leaseholds by agreements with the proprietors, did not become tenants from month to mouth from the bare fact that they retained the premises on an understanding that contemplated no tenancy. Deaver v. Randall, 5 Mo. App. 297; Green v. Kroeger, 67 Mo. App. 621. The question, in controversies like this, is as to the nature of the agreement under which the previous tenant continued to retain and use the premises. If the agreement is of a kind which creates the relation of landlord and tenant, whether as said before, it is an agreement implied from a tenant's continuing in possession and paying rent, or is a new verbal arrangement, the statutes take effect on the transaction and, in legal effect, it is a tenancy from month to month. But if the agreement is in the nature of a license or permissive use, it falls outside the statutes and does not establish the relation of landlord and tenant, but is revocable at the owner's wish. 1 McAdams, Landlord and Tenant, chap. 14.

The agreement in question was of that character and the respondent was a mere licensee. He was entitled to no thirty days' notice from the owner to take his boxes out, and the owner was entitled to no thirty days' notice from him to end the tenancy, because there was no tenancy. He may have been unreasonably tardy in removing his goods and if that were true, the owner was not without redress. But the present action was brought under the Landlord and Tenant Act, on the assumption that the respondent was a tenant according to the original written lease and owed $150 for the month of August. By parity of reasoning he

would have continued to owe it indefinitely until he gave a written notice. No testimony for either party went to support the theory on which the action was brought and as the refused instructions all expressed that theory, they were properly refused.

As to the argument that the Baggotts had no authority as appellant's agents, to grant a license to use the premises, we answer that if they had not, their lack of authority in that regard could not transform a license which they undertook to give, into a contract for a monthly letting at the previous rental.

The judgment is affirmed. All concur.